95 97
190 186

## County of Luzerne *versus* Trimmer.

1. While the contested election of a county officer is pending, and until its determination by a final decree on the merits, the fees of the office belong to the incumbent.

2. In such a contest the decision of the Court of Common Pleas on the merits is final. A certiorari only brings up the record, and if its regularity is approved, the effect thereof is to confirm the decree of the lower court from its date.

3. A commission issued to a county officer pending a contest of his election is irregular but not void. Its operative power is suspended during the pendency of the contest, but if it is decided in his favor then the commission takes effect and no second commission is necessary.

4. The election of B., as prothonotary, was contested, and pending the contest a commission was issued to him. The Court of Common Pleas dismissed the petition of the contestant on June, 30th 1877, and on certiorari, the Supreme Court affirmed this decree on March 25th 1878. The incumbent of the office, in a suit to recover from the county the fees which had been paid into the county treasury during the pendency of the contest, claimed that he was entitled to said fees until the date of the decision in the Supreme Court: *Held*, that the decision in the Common Pleas was final and that plaintiff was entitled to no fees thereafter,

5. In re Contested Election of Barber, 5 Norris 392, explained.

June 8th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Columbia county:* Of May Term 1880, No. 119.

This action was originally brought in Luzerne county, and the venire was afterwards changed to Columbia county.

It was a case stated, in substance, as follows:

S. W. Trimmer was duly elected at the general election in the fall of 1873, and commissioned prothonotary of the county of Luzerne, to hold office until the first Monday of January 1877, and until his successor was duly qualified, and held the office from the 13th March 1875, to the 3d of January 1877.

A. P. Barber was elected to the office of prothonotary of Luzerne county to succeed the said Trimmer, and was commissioned by the governor on the 7th of December 1876, to hold for three

14 NORRIS—7

years from the first Monday in January 1877, and until his successor was duly qualified.

On the 6th of December 1876, a petition was duly filed contesting the election of said Barber to said office, upon which issue was joined, and which was finally determined by the Supreme Court on the 25th of March 1878, having been dismissed by the Court of Common Pleas on the 30th of June 1877.

On the 3d of January 1877, at the instance of Barber, a writ of quo warranto was issued by the Court of Common Pleas of Luzerne county against Trimmer, requiring him to show by what warrant .he held the office of prothonotary, pending the contest aforesaid, upon which, on the 3d of January 1877, the said court entered ·'judgment of ouster against said Trimmer, whereupon he was duly removed from said office, and Barber entered into possession, which judgment of ouster was reversed by the Supreme Court on the 25th of March 1878, and it was adjudged that the said Trimmer had the right to hold the said office of prothonotary, pending the contest of the election. (See In re Contested Election of Barber, 5 Norris 392.)

Barber claiming to act by virtue of the said commission and the judgment of the court, and the Act of 31st March 1876, said county of Luzerne being a county of over 150,000 inhabitants, collected and paid into the county treasury the sum of $26,569.12, from the 3d of January 1877, to the 25th of March 1878, exclusive of state taxes.

The said county paid out of the treasury for the expenses of said office, clerk hire and salary of the prothonotary, by virtue of said act, the sum of $15,800.27, between the dates aforesaid.

Demand was duly made on the county of Luzerne for the said money before the commencement of suit, viz.: on the 12th of April 1878.

The question for the determination of the court was, whether Trimmer was entitled to the fees of the prothonotary's office of Luzerne county, between the 3d of January 1877 and the 25th of March 1878, and to recover the same as collected by said Barber, and paid over to the county. If the court should be of opinion that Trimmer was entitled to the fees of the office, or any portion thereof, during the time aforesaid, then judgment to be entered in favor of the plaintiff; otherwise judgment to be entered for the county of Luzerne.

The court held that Trimmer was entitled, under the law, to fifty per cent. of that portion of the fees collected by Barber and paid into the county treasury, over and above the amount paid into the treasury for current expenses of the office, between January 3d 1877 and March 25th 1878 (the date of the final decree of the Supreme Court), with interest, and accordingly entered judgment in his favor for $5956.50, with costs.

[County of Luzerne v. Trimmer.]

The county took this writ, and alleged that the court erred in the entry of judgment, and in holding that the plaintiff was entitled to any fees after June 30th 1877, when the contested election case was determined by the Common Pleas.

*Thomas H. Atherton, Allan H. Dickson* and *Henry W. Palmer,* Attorney-General, for plaintiff in error.—The decision of the Court of Common Pleas on the 30th of June 1877 terminated the contest, and that decision was final. The certiorari merely brought up the record to determine whether the proceedings were regular and before a competent tribunal, but the original judgment is not affected thereby. The certiorari does not prolong the contest. The final adjudication was on June 30th 1877, and not on March 25th 1878, when the judgment of the Supreme Court was entered : Act of July 2d 1839, Pamph. L. 559 ; Purd. Dig. 1181, Pamph. L. 66 ; Sheppard's Case, 15 P. F. Smith 20 ; Ewing v. Thompson, 7 Wright 372.

The commission issued to Barber pending the contest was not void as his right to the office under the same was merely " suspended," and the commission did not " take effect " until the " legal qualification of the officer." This was on the 30th of June 1877, if not before. To hold that Barber had no right to the office until a valid commission was issued, and that his commission was void would, in effect, decide that he never was duly qualified: Act of 1839, *supra ;* In re Election of Barber, 5 Norris 392 ; Ewing v. Thompson, *supra.*

*John Lynch* and *C. R. Buckalew,* for defendant in error.—The petition contesting the election of Barber was filed on the 6th of December 1876, being the twenty-ninth day after the general election of that year, and the governor's commission was issued to Barber on the following day, being the thirtieth day after the election. It was, presumably, issued before notice reached him in the regular course of mail of the petition of contest filed the day before, and in violation of an express prohibition contained in the Act of 1839. As the act declares that no commission shall issue within the lapse of thirty days from the election, it follows that the commission was unlawfully issued and was invalid. It conferred no right, and it furnished no ground for the judgment of ouster against Trimmer erroneously pronounced by the Common Pleas in January 1877 : In re Contested Election of Barber, *supra ;* Cromline v. Brink, 5 Casey 522 ; Mark's Ex'rs v. Russell, 4 Wright 372 ; Mayfield v. Moore, Bright. Election Cases 605.

The legal effect of the certiorari was to suspend all claims and all action under the decree of the court below until the final decision by the Supreme Court. Until the judgment of the Supreme Court was rendered, the contest was pending and plaintiff was entitled to the fees until that date : Ewing v. Thompson, *supra.*

[County of Luzerne v. Trimmer.]

Mr. Justice MERCUR delivered the opinion of the court, October 4th 1880.

The right of the defendant in error to the emoluments of the office ended when it was judicially decided that Barber was duly elected and entitled to the office. The decision in favor of Barber was made by the Court of Common Pleas on the 30th June 1877. Inasmuch, however, as a certiorari was taken to that judgment, and it was not affirmed in this court until the 25th March 1878, the learned judge held the defendant in error entitled to the emoluments of the office until the latter date. In so holding there was error. Due effect was not thereby given to the judgment of the 30th June 1877. The merits of that decision were not reviewed in this court. The certiorari brought up the record only. Although our affirmance of the decree was on the 25th March 1878, yet the effect thereof was to confirm the decree of the 30th June 1877. That was the final decree on the merits of the controversy: Election Cases, 15 P. F. Smith 20. Barber was thereby declared to be the prothonotary *de jure.* Thenceforth, the defendant in error was merely an officer *de facto.* His acts were good as to third persons who have an interest in the act done; but he could not recover the fees given for the official services: Riddle *v.* County of Bedford, 7 S. & R. 387 ; Commonwealth ex rel. Bowman *v.* Slifer, 1 Casey 23.

It is contended that Barber was not duly qualified when the decree of the 30th June was made in his favor. This argument rests on the facts that the Act of Assembly declares no commission shall issue within thirty days after the election, nor pending a contest for the office. The petition contesting his election was filed on the twenty-ninth day thereafter, and without notice thereof the governor issued the commission on the thirtieth day after the election. It is therefore urged that the commission was wholly invalid under the authority of In re Contested Election of Barber, 5 Norris 392. Such an inference might be drawn from the generality of the language used in that case. It should, however, be interpreted in view of the question then presented. The contention was whether the effect of the commission was such as to authorize Barber to take possession of the office and to hold the same during the pendency of the contest. It was held to give no such power. It issued irregularly but was not void. Its operative power was suspended during the pendency of the contest. When it was decided that Barber was entitled to the office, then the commission took effect. No second commission was necessary. This conclusion is in harmony with that part of the third section of the Act of 2d July 1839, Purd. Dig. 1181, which declares when a commission is suspended by reason of a contest, it shall take effect from the time of the legal qualification of the officer under the same. To the same effect is Ewing *v.* Thompson, 7 Wright 372.

[County of Luzerne v. Trimmer.]

In case the defendant in error had yielded up the office to Barber at the time the court decided in favor of the latter, his right thereto would have been clear.    He had taken the oath of office and held a commission from the only authority competent to issue it.    The defendant in error is not entitled to recover any portion of the fees after the 30th June 1877.    The learned judge therefore erred in entering judgment for any fees received 'after that date.    It must therefore be modified so far as to give the defendant in error a judgment for the sum of two thousand six hundred and eighty-seven dollars and ninety cents, with interest from the time payment was demanded.

> And now, to wit, October 4th 1880, judgment reversed and set aside, a judgment is hereby entered in favor of the defendant in error for $3087.50, as of this date.