## Jones, Appellant, *v.* Dusman.

*Public officers—Fees—De facto officers—De jure officers—Fees received by de facto officer—Recovery.*

1. The salary and emoluments of a public official attach to the office itself, and not to the individual discharging the duties of the office, except as he is an officer de jure. This rule applies to every public office, unless excepted by statutory provision.

2. A de jure public officer may maintain an action of assumpsit against a de facto officer to recover fees received by the latter during the period when he occupied the office to which the de jure officer was entitled; but the de facto officer is entitled to

retain the salary as against the rest of the world, including the municipality which has paid it.

3. A statement of claim alleged that plaintiff was authorized by law to collect taxes in a certain school district and to receive fees and emoluments for making such collections, but that during a part of plaintiff's term of office he had been prevented from collecting taxes and receiving fees therefor by the school controllers of the district, who had illegally appointed defendant tax collector for such district; that defendant had received fees for collecting taxes to the amount of $1,794.42, and that thereafter defendant had been ousted from the office of tax collector of said district in quo warranto proceedings. Plaintiff sought to recover the fees received by defendant for collecting taxes. *Held*, the lower court erred in sustaining a demurrer to plaintiff's statement of claim and in entering judgment for the defendant.

Argued May 19, 1914. Appeal, No. 33, January T., 1914, by plaintiff, from judgment of C. P. York Co., Oct. T., 1913, No. 20, for defendant, on demurrer to plaintiff's statement of claim, in case of J. William Jones v. Harry E. Dusman. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit to recover fees paid to a de facto tax collector. Before ROSS, J.

From the record it appeared that the statement of claim alleged that plaintiff, the duly elected treasurer of the City of York, entered upon his duties on December 4, 1911; that under the Act of June 20, 1901, P. L. 578, it was plaintiff's duty to collect school taxes assessed or levied in the School District of the City of York, and his right to receive fees and emoluments for so doing; that on May 9, 1912, the Board of School Controllers of said district illegally appointed the defendant tax collector of the said school district, who collected taxes and received fees therefor to the amount of $1,-794.42; that on plaintiff's suggestion for a writ of quo warranto defendant had been ousted from the office of tax collector of said school district and that thereafter plaintiff had demanded said sum of $1,794.42 of de-

fendant and that his demand had been refused.   This action was brought for the recovery of said fees.

The defendant demurred to the statement.   The court sustained the demurrer and entered judgment for defendant.   Plaintiff appealed.

*Error assigned* was the judgment of the court.

*James G. Glessner,* for appellant.—One who has been wrongfully kept out of an office to which he was entitled, can after obtaining judgment of ouster against the de facto officers, recover from him the emoluments of the office which he received while unlawfully holding: Stoddard v. Williams, 65 Cal. 472; Glascock v. Lyons, 20 Ind. I, 83 Am. Dec. 299; Sigur v. Crenshaw, 10 La. Ann. 297; Hunter v. Chandler, 45 Mo. 452; Platt v. Stout, 14 Abb. Pr. (N. Y. Supreme Ct.) 178; Crosbie v. Hurley, 1 Al. & Nap. 431; Kreitz v. Behrensmeyer, 149 Ill. 496 (36 N. E. 983); Nicholas v. MacLean, 101 N. Y. 526, 54 Am. Rep. 730 (5 N. E. 347).

*H. C. Niles,* with him *M. S. Niles, Charles A. May* and *George E. Neff,* cited: Stuhr v. Curran, 44 N. J. Law 181; In re Havird, 2 Idaho 652 (24 Pac. Repr. 542).

OPINION BY MR. JUSTICE STEWART, October 5, 1914:
While the precise question here arising, between parties standing in the relation of these litigants, has never been passed on in this State, we yet have repeated adjudications with respect to collateral inquiries which settle in a very decided and conclusive way the principles which must here govern.   Adhering to the old English rule which, as an examination into the decisions of other states will show, obtains very generally if not universally in this country, and the logic of which, because of its general acceptance, need not here be discussed, this court has held with respect to public office, that the salary and emoluments allowed attach to the office it-

self, and not to the individual discharging the duties of the office, except as he is an officer de jure. The rule is thus stated by Judge LUDLOW in Rink v. City of Philadelphia, 15 W. N. C. 345, a case which on review was affirmed by this court, see Philadelphia v. Rink, 17 W. N. C. 136.

"The salary is annexed to the office of a magistrate, and the person who holds the title and not to a mere incumbent, who has been legally declared to have been an intruder, and therefore only a de facto officer."

The controversy there was between the city and one who after a protracted proceeding at law was declared to be a magistrate de jure, by a decree of ouster against one who, under color of title, with certificate of election and a commission from the governor, had been exercising the duties of the office for a period of nearly three years. The action was brought by the de jure officer to recover from the city salary for the time he had been deprived of his office, notwithstanding the far greater part of it had been paid to the de facto officer. The points of distinction are that the office was that of magistrate while here it is that of collector of taxes, and that there the action was against the city, while here it is by the de jure officer against the de facto officer, to recover the compensation paid to the latter during his incumbency. The first is without significance, for the rule applies to every public office unless excepted by statutory provision; the second will receive consideration as we proceed. It may be that nowhere in any of our reported cases is the English rule above stated expressly adopted or recited except in the opinion of Judge LUDLOW above referred to; but all these cases impliedly recognize the rule, since on no other principle could they be reconciled with sound reasoning. For instance, in Riddle v. County of Bedford, 7 S. & R. 386, it was held that a de facto county treasurer could not sustain a suit to recover from the county his fees as such officer, solely on the ground that being a de facto officer, while his acts were valid so

far as they concerned the public or rights of third parties, they were invalid when he came to assert for himself benefit or advantage resulting therefrom. In Com. ex rel George W. Bowman v. Slifer, 25 Pa. 23, what was before the court was an application for a mandamus to compel payment by the state treasurer of arrears of salary to General Bowman, as adjutant general of the militia. This was resisted on the ground that the relator, though duly commissioned, had failed to give the security required by law before entering upon the duties of the office, and was therefore but a de facto officer and not entitled to recover. The opinion filed by LEWIS, C. J., thus disposes of the controversy:

"But for the period during which he performed the duties of the office without having given the required security, he was not strictly the officer de jure. He was merely the officer de facto. His acts are good so far as others are concerned. But the rule seems to be established, that none but the officer de jure can successfully claim compensation for official services: Riddle v. County of Bedford, 7 S. & R. 386; Dillon v. Myers, et al., 3 Pa. Law Jour., 168, Brightley's N. P. Rep. 426. It follows that General Bowman is not entitled to the mandamus. The performance of the duties of the office before giving the security was prohibited by law. The law must, therefore, refuse to aid him in compelling payment for services thus rendered against its direction."

In Luzerne County v. Trimmer, 95 Pa. 97, the action was for recovery of fees covering a period during which the plaintiff was for part of the time prothonotary de jure, and for the other part prothonotary de facto. It was held that the action would lie only for fees accruing during the de jure period; that while his acts as an officer de facto were good as to third parties having an interest in the act done, he could not recover the fees given for the official service during such period, the court citing in support of its conclusion the cases we have above referred to. Each of these decisions rests

fundamentally on the rule that salary and emoluments of office attach to the title by which the office is held quite as certainly as though the rule had been expressly recited in each. It results from these authorities that the appellee here could not have sustained an action against the City of York for the recovery of the fees he claimed for services rendered as a de facto collector. Nevertheless, the city paid him in full for such services. Whose then is the money so paid? The city parted with it in mistake of law; it gave it over to one who, because of color of title to the office to which the money attached, received it in good conscience. The city is in no position to recover it back, being precluded by the rule that forbids recovery against one who has received money under a claim of right and in ignorance of its true ownership. Therefore, the money is not the city's. The party to whom the money was paid, this appellee, being without legal right to receive it, since it was not recoverable at law by him, can have no right to retain it as against the demand of one with better title. It is his as against the city, and as against every one except the true owner. The true owner of the office from which the money resulted is this appellant, so much having been judicially determined. If the postulate be correct that the salary and emoluments attach to the office and not to the incumbent, except as he holds de jure,—and this is the clear logic of our own cases,—the appellant was the true owner of the fund paid over by the city to the appellee, and it follows that indebitatus assumpsit will lie for its recovery. This accords with common law principles.

"So if a man claims to be entitled to an office which another has usurped, and the latter have received certain fees belonging of right to the office, the former may bring an action for money had and received against the latter, to recover the fees received by him."

Archbold's Nisi Prius Vol. I, p. 327.

For the reasons stated we are of opinion that the court below erred in sustaining the defendants demurrer to

the plaintiff's statement. The precise question arising in an action between a de jure and a de facto public officer, as we have said, has not heretofore been passed on in this State, but it has been adjudicated in very many jurisdictions, and a careful examination of these authorities has brought to our attention but a single one in which the right of recovery by a de jure officer against one de facto was denied, and in that case it was by the decision of a bare majority in a divided court. It would prolong this opinion without adequate reason to refer to these many adjudications. They may be found fully collated in Cyc., Vol. 29, 1394, and no further reference to them is here required. The judgment is reversed and procedendo awarded.