## Moritz, Appellant, *v.* Luzerne County.

*Public officers—Court interpreter—Salary—Courts—"Court" or "judge"—Appointment of court interpreter—Acts of May 8, 1913, P. L. 170, and May 6, 1915, P. L. 271.*

1. The word "court" in a statute is to be understood as meaning a tribunal officially assembled under authority of law at an appropriate time and place for the administration of justice, and not merely a "judge" thereof.

2. Whether an act is to be performed by the "court" or a "judge" is generally determined by the character of the act, but whenever it is a statutory power or duty conferred or prescribed upon the court, it can only be discharged by the assembled tribunal, however composed, whether one judge or several.

3. Under the Act of May 8, 1913, P. L. 170, which authorizes the court of common pleas of each county to employ court interpreters, the authority must be exercised by the "court" and not by a "judge."

4. A court interpreter who was never appointed by the court of common pleas, and never qualified as required by law, but was merely designated by a judge for the work he performed, is not entitled to the salary provided by the Act of May 6, 1915, P. L. 271, for court interpreters.

Argued April 15, 1925. Appeal, No. 230, Jan. T., 1925, by plaintiff, from judgment of C. P. Luzerne Co., Dec. T., 1923, No. 493 for defendant, on case tried by the court without a jury, in suit of Joseph Moritz v. Luzerne County. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover salary provided for court interpreters under Act of May 6, 1915, P. L. 271. Before JONES, J., without a jury.

Judgment for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Frank P. Slattery,* with him *Clarence D. Coughlin* and *John S. Lopatto,* for appellant, cited: Bettig v. Berks Co., 8 Berks Co. R. 271; U. S. v. Bostwick, 94 U. S. 53; Pittsburgh v. Goshorn, 230 Pa. 217; Glavery v. U. S., 182 U. S. 595; Lancaster Co. v. Fulton, 128 Pa. 48.

*John H. Dando,* County Solicitor, with him *Harris B. Hamlin,* for appellee, cited: Franks v. Co. Com'rs, 24 Pa. Dist. R. 833; Wallace's App., 5 Pa. 103.

PER CURIAM, May 4, 1925:

Appellant sued the County of Luzerne to recover salary alleged to be due him as court interpreter in accordance with the Act of May 6, 1915, P. L. 271, less credits for per diem payments which he admitted had been made for all days of actual service rendered by him. The case was tried by the court below, without a jury, under the Act of April 22, 1874, P. L. 109. Judgment was entered for defendant and plaintiff has appealed.

The Act of May 8, 1913, P. L. 170, provides that "the court of common pleas of each county is authorized to employ such number of interpreters......as the court may deem necessary......Any interpreter so appointed shall......receive......such annual or per diem compensation as the appointing court shall fix: Provided, That in counties containing population of one million two hundred thousand inhabitants and over, the salary paid interpreters shall not exceed two thousand dollars per annum for each interpreter. Before assuming the duties of the office, each interpreter shall take and sub-

scribe the oath prescribed in the Constitution of this Commonwealth."

Two years later the legislature passed the Act of May 6, 1915, P. L. 271, which provides that in all judicial districts "containing more than two hundred and fifty thousand and less than one million inhabitants," the "court interpreter shall be paid a salary of twelve hundred dollars per annum." In point of population, the district here involved comes within this act.

When considering the above acts, and how far plaintiff can invoke them in support of his suit, it must be remembered that we have said: The word "court" in a statute is to be understood as meaning "a tribunal officially assembled under authority of law at an appropriate time and place for the administration of justice," and not merely a "judge" thereof; and that, "whether an act is to be performed by one or the other is generally determined by the character of the act, but whenever it is a statutory power or duty conferred or prescribed upon the court, it can only be discharged by the assembled tribunal, however composed, whether of one judge or several. Take, for instance, the power to appoint and remove......; such power is conferred by statute, not upon the judge, but in express terms upon the court": Carter's Est., 254 Pa. 518, 527.

Plaintiff served from time to time as court interpreter on a per diem basis of compensation prior to 1913, the date of the first of above acts, and so continued thereafter (almost entirely in the criminal courts, being sent for occasionally to do some special service in the common pleas) until he severed his connection with all such work in June, 1919; but he was never appointed by the court of common pleas to the office of interpreter or qualified as required by law. He was designated for the work he performed, not by the court, but by a single judge thereof. Under the circumstances, the court below properly found that, at the most, plaintiff was "a mere interpreter de facto," not entitled to recover the

statutory salary: Riddle v. Bedford, 7 S. & R. 386; Com. ex rel. Bowman v. Slifer, 25 Pa. 23; Luzerne County v. Trimmer, 95 Pa. 97; Jones v. Dusman, 246 Pa. 513.

The judgment is affirmed.