Reilly v. Rankin et al., Appellants.

Argued April 24, 1940.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*C. W. Martin,* for appellants.

*Samuel J. Feigus,* for appellee.

OPINION BY CUNNINGHAM, J., October 4, 1940:

The commissioners and controller of Fayette County have appealed from a decree of the court below, entered June 27, 1939, upon the petition of the district attorney of that county and awarding a peremptory mandamus directing appellants to pay to Dictaphone Corporation of Bridgeport, Connecticut, the sum of $150 as rental for the months of December, 1938, and January, 1939, of a portable telecord machine.

In his petition, the district attorney averred that in

his official capacity he had incurred the expense in question while engaged in "the investigation of crime and persons suspected of the commission of crime"; and that although a bill to Fayette County from the lessor of the machine, dated February 8, 1939, and approved by petitioner and "the court", had been frequently presented to appellants they "arbitrarily and capriciously neglected and refused to approve or direct" its payment.

The petition was based upon, and expressly referred to, the Act of June 29, 1923, P. L. 973, 16 PS §3451, the first section of which reads:

"That all necessary expenses incurred by the district attorneys of any county of this Commonwealth or his assistants, or any officer directed by him, in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, shall be paid by the respective counties, out of moneys in the county treasury, *upon the approval of the bill of expense by the district attorney and the court* of their respective counties." (Italics supplied)

No answer was filed by or on behalf of appellants to the petition. It is stated in appellee's history of the case, and not denied by appellants, that due notice was given appellants of the presentation of the petition and that the county solicitor appeared for them at the hearing thereon.

Even in his brief, the county solicitor does not contend the expenditure was unnecessary; he seeks, however, to raise, for the first time, in this court a number of technical questions relative to procedure, which, if he has any confidence in them, should have been raised by an answer and thus brought to the attention of the court below. The only matter upon which appellants are entitled to be heard upon this appeal appears upon the face of the record and relates to the "approvals" of the bill required by the statute.

A paragraph in their brief reads: "Appellants con-

tend that this bill was not approved by the court; it was approved by one judge thereof."

As we understand the record, the Quarter Sessions of Fayette County at the time the bill of the lessor of the machine for its rental was presented consisted of three judges, only two of whom, Judges DUMBAULD and CARR, were active.

The photostatic copy of the bill, forming part of the record, contains upon its face (in addition to the approval of the district attorney) the following endorsement:

"Approved—By the Court:
DUMBAULD, J."

We think this endorsement met the requirement of the statute relative to "approval of the bill of expense by ...... the court" of the county in which it was incurred. It was not an approval by a single judge acting by and for himself, but an approval by "The Court," attested by one of its members.

Appeal dismissed at costs of appellants.