## McFadden v. Kessler et al.

*Joseph A. Dague*, for petitioner.
*Smith & Maine*, for county treasurer.
*Arnold & Chaplin*, for county controller.
*Smith & Maine*, for county treasurer.

BELL, P. J., March 27, 1944.—A petition for declaratory judgment was filed by James Harold McFadden, in which he states that he is a resident of Clearfield

County, was elected prothonotary of the courts of the county for a four-year term beginning the first Monday of January 1944, and has duly qualified and entered into the duties of his office. Plaintiff alleges that he is classified as I-A and after physical examination has been certified as acceptable in the Navy, and that his induction will probably take place within 30 days. The petition states that he will appoint a chief deputy to carry on the duties of the office, while he is in the military service, without expense to the taxpayers of Clearfield County, but that defendants, the fiscal officers of the county, are uncertain as to the effect of his induction upon his status as prothonotary and clerk of the courts, and also on his right to continue to receive his salary as prothonotary, and respectfully requests this court by declaratory judgment to determine the rights and duties of all of said parties with respect hereto.

Answers have been filed by the county commissioners, the county treasurer, and the county controller, each of which admits the averments of plaintiff's petition to be correct, and all join in the request that the court assume jurisdiction and determine the rights of plaintiff, the effect of his induction, and the duties of the respective parties defendant, waiving all limitations of time as provided in the statutes as to declaratory judgments.

Plaintiff's petition contains two prayers, the first of which asks the court to declare that, upon his induction into the armed forces, plaintiff, James Harold McFadden, does not forfeit the office of Prothonotary and Clerk of the Courts of Clearfield County but is entitled to serve his full term, and the second, that after his induction the said James Harold McFadden shall continue to receive the full salary of the office upon the condition that he will, at his own expense, employ a chief deputy to do the work of the office in his absence,

and that the salary be paid either to the deputy or to plaintiff.

As to the first prayer, we do not believe that the office becomes vacant by reason of the induction of plaintiff into the armed forces of his country. The legislature has recognized that every absence does not constitute a vacancy. A prothonotary is entitled to appoint deputies: Act of March 18, 1875, P. L. 25, sec. 2, 17 PS §1831. One of these deputies shall be designated as principal deputy, entitled to act in case of vacancies: Act of February 12, 1874, P. L. 43, secs. 1 and 2, 17 PS §§1511 and 1512. In 1897 the legislature, recognizing that all absences might not constitute a vacancy, provided that the principal deputy prothonotary should act "in case of the sickness, absence or other temporary disability of the prothonotary". See 17 PS §1512. This section was amended and later repealed by The General County Law of May 2, 1929, P. L. 1278. The General County Law, as amended by the Act of June 9, 1931, P. L. 401, reënacted the same principle, providing that, whenever any county officer is authorized to appoint a deputy, such deputy or principal deputy shall, "during the necessary or temporary absence of his principal, perform all the duties of such principal . . .": Act of June 9, 1931, P. L. 401, sec. 1, 16 PS §59. The General County Law, as amended by the Act of May 23, 1933, P. L. 952, sec. 1, 16 PS §224, provides that the salary board of the county shall fix the salary of such deputy as appointed by the prothonotary.

We would have no difficulty in determining that the mere absence of the prothonotary would not constitute a vacancy in the office. The question is whether induction into the armed forces violates the Constitution of Pennsylvania.

Section 2 of article XII of the Constitution reads as follows:

"No member of Congress from this State, nor any person holding or exercising any office or appointment

of trust or profit under the United States, shall at the same time hold or exercise any office in this State to which a salary, fees or perquisites shall be attached. The General Assembly may by law declare what offices are incompatible."

No act expressly declares the office of prothonotary to be incompatible with military or naval service, but the first sentence of section 2, art. XII, of the Constitution has been reënacted in acts of assembly beginning in 1874 down to article III, sec. 52, of The General County Law of 1929, P. L. 1278, 16 PS §52.

The Legislature of Pennsylvania has expressed its interpretation that service in the armed forces shall not affect the status of the person serving by adding to the statute as to incompatible offices a proviso reading as follows:

"Provided, however, That the provisions hereof shall not apply to any person who shall enlist, enroll or be called or drafted into the active military or naval service of the United States or any branch or unit thereof during any war or emergency as hereinafter defined": Act of July 2, 1941, P. L. 231, sec. 1, 65 PS §1.

Though the Constitution provides that the General Assembly may declare what offices are incompatible, the legislature cannot restrict the provisions of the Constitution. We have found only one case where the appellate courts of Pennsylvania have passed upon this question. The Supreme Court in the case of Commonwealth ex rel. Crow v. Smith, 343 Pa. 446, held that the office of major in the United States Army and mayor of a Pennsylvania city were incompatible within the constitutional provision, holding that an office of major in the United States Army is an office of trust or profit under the United States, and pointed out that most States of the Union have held that the acceptance of a commission as an officer in the Army amounts to an automatic vacation of a salaried office.

The Attorney General of our Commonwealth, in opinion no. 429 filed July 15, 1942, held that a commission as colonel in the United States Army was incompatible with the office of Prothonotary and Clerk of the Courts of McKean County, Pa. We have not had our attention called to any case involving one inducted into the military service as a private. The Supreme Court, in its opinion in the Crow case, supra, repeatedly calls attention to the rank as a commissioned officer, stating that it is an office of trust, but makes no comment as to the position of a private or draftee.

The Department of Justice advised the Governor of Pennsylvania in an opinion recorded in Magistrates and Notaries in Military Service, 45 D. & C. 291, under date of August 25, 1942, that induction into active military service of the United States, whether voluntary or otherwise, did not affect the status of an officer within the Commonwealth, provided such person is not inducted as, and does not become, a commissioned officer in such forces. This opinion holds that the Act of 1941 is unconstitutional insofar as it provides that a commissioned officer shall be rendered capable of retaining his office in the Commonwealth during the present war. The Attorney General's opinion draws a distinction between a commissioned and noncommissioned member of the armed forces, taking the position that *an office of trust and profit under the United States* as defined in the Constitution, applies only to commissioned officers. The opinion of the Department of Justice points out that the Act of 1941, P. L. 231, reenacting the earlier Act of 1874, P. L. 186, 65 PS §1, changes the wording as to those incapable, from *whether a commissioned officer or otherwise,* to *whether an officer,* as well as adding the proviso previously mentioned in this opinion, and takes the view that the amendment of 1941 is effective and does apply to all persons enlisting, enrolling, or drafted in any branch

of the armed forces during the present war, so long as they are not commissioned officers. It is also to be noted that the Federal Government, by an Act of 1933, 10 U. S. C. §372, provided that a member of the Officers' Reserve Corps while not on active duty, should not be considered an officer or employe of the United States.

The position taken by the Department of Justice of the Commonwealth of Pennsylvania has been adopted in several other States and, while there is a salary attached to membership in the armed forces, common sense would dictate that there should be a line of demarcation between one who is compelled to enter the armed forces at less remuneration than he could obtain elsewhere and is not elevated to a position of trust and one who obtains a commission in the armed forces with the honor and remuneration accompanying the same. The intention expressed by the legislature meets public approval and the dicta of common sense. We, therefore, find there is no incompatibility between one holding the office of Prothonotary and Clerk of the Courts of Clearfield County and membership in the armed forces, and that no vacancy will occur by reason of the induction of James Harold McFadden so long as he does not become a commissioned officer in such forces.

The second prayer of the petition is in the alternative. We feel that, the office not being vacant and McFadden having qualified and entered into the duties of the same, he is entitled to continue to receive the salary provided by law for same. The salary of a public officer attaches to the office and not to the individual discharging the duties thereof. See Jones v. Dusman, 246 Pa. 513.

Now, March 27, 1944, we find that the office of prothonotary does not become vacant by reason of the induction of James Harold McFadden into the armed forces of our country; and, second, that he is entitled

to receive a salary as prothonotary and clerk of the courts until the end of his term of office, to wit, the first Monday of January 1948, unless the office should later become vacant by reason of some future condition: Provided, however, that the said James Harold McFadden will provide a chief and principal deputy to perform the duties as prothonotary and clerk of the courts at an expense to the County of Clearfield of not more than one dollar per year.

NOTE.—The principle stated in the foregoing decision as to compatability of a State office with service in the armed forces of the United States is overruled by the subsequent decision of the Supreme Court of Pennsylvania in Commonwealth ex rel. Adams v. Holleran, 350 Pa. 461 (October 31, 1944).