## Wagenhorst, Appellant, *v.* Philadelphia Life Insurance Company.

Argued December 2, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON and JONES, JJ.

*Sydney C. Orlofsky,* with him *Horace M. Schell,* for appellant.

*Joseph Head, Jr.,* with him *Duane, Morris & Heckscher,* for appellee.

PER CURIAM, December 3, 1947:

In this case the record indicates that judgment was entered by one of three judges comprising Court of Common Pleas No. 1 of Philadelphia County. One judge of the court dissented. We cannot take it for granted that the third judge heard this case and concurred with the one judge entering the judgment.

We decided in *Summers v. Kramer, Controller, et al.,* 271 Pa. 189, that where one of two sitting judges enters a judgment against the dissent of the other of the two

sitting judges the judgment so entered is of no legal effect and ordered its removal from the record. As we said in the case just cited: "The case is before us, therefore, on an appeal from a record apparently showing a judgment, when no legal judgment exists; we must remove this illegal thing from that record;".

The alleged judgment, therefore, entered in this case by the court below is ordered removed from the record and the case is remitted with a procedendo. This case must be heard by the entire court en banc and no judgment can be entered except by the vote of the majority thereof. See *McCormick's Contested Election*, 281 Pa. 281, in which we said that " 'by a "court" is to be understood a tribunal officially assembled under authority of law, at the appropriate time and place, for the administration of justice,' " and " 'by "judge" is to be understood simply an officer or member of such tribunal' : Carter's Est., 254 Pa. 518, 527."