536

Elliott, Appellant, *v.* Miller.

Argued September 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-MAN, JJ. (FLOOD, J., absent).

*James P. Coho,* with him *Marshall M. Cohen,* for appellant.

*B. M. Zimmerman,* with him *Brown & Zimmerman,* for appellees.

OPINION BY MONTGOMERY, J., November 10, 1965:

Following a jury verdict for the defendants in an action of trespass, plaintiff filed a motion for a new trial. Acting under Rule 37, Section I of the Court of Common Pleas of Lancaster County, Hon. W. G. JOHN-STONE, JR., the trial judge, sitting alone, entered an order refusing to grant plaintiff a rule to show cause why a new trial should not be granted. This appeal followed.

Rule 37, Section I, of the Common Pleas Court of Lancaster County provides: "Section I. Motions for New Trials and for Arrest of Judgments. No motion for a new trial or in arrest of judgment shall be received unless for reasons reduced to writing and filed in the office of the Prothonotary within fifteen days after the verdict was rendered. The Prothonotary shall immediately docket and deliver the said motion and reasons to the Trial Judge. Where the reasons are not founded upon the evidence, the facts alleged must be verified by affidavit. If a rule to show cause why a new trial should not be granted is allowed by the Trial Judge, no further proceedings shall be had in the case until a disposition is made of said rule, unless the Trial Judge shall direct otherwise." Appellant contends this rule is contrary to law and that his motion for a new trial must be passed on by a court en banc.

Woodward, Motions and Rules in Pennsylvania, §262 (1934), points out that the practice of allowing a motion for a new trial only after a rule to show cause is followed in certain counties, including Somerset and

Lancaster. Woodward also states at §268: "While it is true that this motion [for a new trial] is to be determined by the inherent powers of the court, nevertheless, the legislature has considered the motion so important that it has required that the court en banc shall hear it." The Act of March 28, 1835, P. L. 88, §8, 12 P.S. §680, provides: "The motions for new trials, and in arrest of judgment, and questions on reserved points, which may be made and sustained before any one of the judges of the said district court, shall be reserved by the said judges, and heard and decided by the three judges of the said court, or any two of them, sitting together for that purpose." Under this act the action of the trial judge in disposing of appellant's motion for a new trial, without the assistance of the court en banc, is a nullity. As stated in *Iacovino v. Caterino*, 336 Pa. 308, 310, 9 A. 2d 620, 621 (1939): "The action of the learned trial judge in overruling defendants' motion for a new trial, without the concurrence of either of the other judges of the court en banc, was a nullity. Motions for new trials are required by law to be heard by the court en banc; and it is the duty of all the sitting judges not only to hear the motion, but subsequently to meet together, and discuss and determine the matters presented to them: Dobson v. Crafton Borough, 315 Pa. 52, 55; Gail v. Philadelphia, 273 Pa. 275, 279. A failure to conform to this practice constitutes reversible error: Zimmerman v. Pennsylvania R. R. Co., 293 Pa. 264, 267." As set forth in *Zimmerman v. Pennsylvania R. R. Co.*, 293 Pa. 264, 266, 142 A. 220 (1928): "This means that, when the bench consists of two members, both must sit to consider rules and motions [for a new trial] . . ." So, here, appellant was entitled to have his motion for a new trial passed upon by the court en banc. To the extent that Rule 37 of the Court of Common Pleas of Lancaster County provides otherwise it is improper,

as it deprives the party moving for a new trial of a legal right. This is not a case where the motion for a new trial was disposed of by a single judge without objection from either party, as in *O'Hara v. Scranton,* 342 Pa. 137, 19 A. 2d 114 (1941), and *Gimbel Brothers, Inc. v. Pinto,* 188 Pa. Superior Ct. 72, 145 A. 2d 865 (1958).

Court rules may impose reasonable conditions on the filing of motions for a new trial. However, the practice of allowing such motions only after the granting of a rule to show cause serves no useful purpose since the motion for a new trial must be passed upon by the court en banc. Such practice is hereby expressly disapproved.

We shall not pass upon the points raised in appellant's motion for a new trial until the statutory mandate of review by the court en banc has been complied with.

Reversed and remanded with directions to have the court en banc pass upon appellant's motion for a new trial.