Bosak, Appellant, *v.* McAnallen.

Argued April 16, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Sanford S. Finder,* for appellant.

*Gordon Harrington,* with him *Greenlee, Richman, Derrico & Posa,* for appellee.

OPINION PER CURIAM, June 12, 1969:
Order affirmed.

———

DISSENTING OPINION BY MONTGOMERY, J.:

This was an action in trespass brought by a complaint filed on June 7, 1962, in the Court of Common Pleas of Washington County, Pennsylvania, by Helen E. Bosak, plaintiff-appellant, against George W. McAnallen and Robert S. McAnallen, original defendants-appellees, et al. The appellees moved for summary judgment in the court below under Pennsylvania Rule of Civil Procedure 1035. This motion of appellees was granted by Hon. CHARLES F. SWEET, President Judge,

by an order dated October 27, 1967, and filed on October 30, 1967. From that order the appellant took an appeal directly to this Court.

President Judge SWEET was advised of this appeal on October 28, 1968; and, on January 30, 1969, in compliance with our Rule 46, he filed an opinion on January 30, 1969, which not only discusses the reasons on the merits for his order, but also suggests that the proceedings were incomplete in the Common Pleas Court of Washington County, thus making his order interlocutory. He states that the appeal should not have been taken directly to our Court but that exceptions should have been taken to his order and should have been heard by the court en banc before appeal. For that reason, at argument, the appellees moved to quash this appeal.

It is my opinion that the motion to quash should have been granted and that this case should be returned to the lower court for consideration by the court en banc.

Since there is no statute or set of rules which determine when a case must be decided by all of the judges of a court or may be decided by one judge, it is understandable that there is confusion in these matters. However, in *Carter's Estate*, 254 Pa. 518, 527, 99 A. 58, 61-62 (1916), our Supreme Court stated, "The distinction between the powers and duties of a court and the functions of a judge were lost sight of entirely, and what can be done only by a court was here attempted by the judge. The words 'court' and 'judge' are so frequently used interchangeably that it is not surprising that those unversed in legal terminology accept them as meaning the same thing, but the real distinction between them is too important to be overlooked by the practitioner. By 'court' is to be understood a tribunal officially assembled under authority of law at the appropriate time and place for the ad-

ministration of justice. By 'judge' is to be understood simply an officer or member of such tribunal. Whether an act is to be performed by one or the other is generally determined by the character of the act, but whenever it is a statutory power or duty conferred or prescribed upon the court it can only be discharged by the assembled tribunal, however composed, whether of one judge or several." - In *Summers v. Kramer, Controller,* 271 Pa. 189, 195, 114 A. 525, 527 (1921), our Supreme Court, in ruling on a dispute between a President Judge and an associate judge, stated, "As each had equal power and authority in the court, neither had a legal right to exclude the other from participation in its business. In order to expedite the trial or argument of causes, custom allows the president judge to assign the business, when the several court rooms are occupied by the judges separately; but this practice cannot be utilized to prevent a judge from taking part in the hearing or decision of any cause pending in the court of which he is a member."

I do not believe that the above fundamental principles have been overruled by the promulgation of subsequent rules involving the court en banc and by the historical development of custom and practice in our courts. Pennsylvania Rule of Civil Procedure 249 reads: "(a) Except where the court is required to act en banc, a law judge may perform any function of the court, including the entry of interlocutory or ex parte orders, decrees and other matters in the nature thereof." However, motions for new trial, in arrest of judgment, and for judgment non obstante veredicto are required by law to be heard by the court en banc if the court is composed of more than one judge. Act of March 28, 1835, P. L. 88, §8, 12 P.S. §680; *Elliott v. Miller,* 206 Pa. Superior Ct. 536, 214 A. 2d 351 (1965). In *Kensington Club Liquor License Case,* 164 Pa. Superior Ct. 401, 406, 65 A. 2d 428, 431 (1949), this Court

quoted, with approval, from *Sterrett v. MacLean*, 293 Pa. 557, 563, 143 A. 189, 190 (1928), where it was held that an appeal by a sheriff from the decision of a county salary board must be heard by the court en banc. The Court therein said, "This very important subject has heretofore been before this court in various aspects, and we have consistently reprehended the allowance of proceedings in court before only one judge when the particular judicial district had two or more judges and where the *vital interest of litigants* or the conservation of public rights renders it imperative that a case be heard, considered and decided by aid of the experience and knowledge as well as the personal attention of more judges than one to the evidence and the arguments before the court." (Emphasis supplied). Like the motion for judgment n.o.v., when granted, the motion for summary judgment, having the effect of foreclosing all legal rights of the aggrieved party, is a matter of vital interest to him under this rule.

Nevertheless, in recommending the quashing of this appeal, I do not intend modifying the general rule, that where an order is signed "by the court", it is an order presumably agreed to by all the judges of the court. *Zerbey v. Allan*, 215 Pa. 383, 64 A. 587 (1906) ; *Reilly v. Rankin*, 142 Pa. Superior Ct. 51, 15 A. 2d 478 (1940). But in the instant case (1) the order was not signed "by the court"; (2) the trial court itself admitted that this case was not heard by the court en banc; and (3) the appellees have complained of their not having the opportunity to proceed before the court en banc.

Where any one of the above three facts appear in the record and where a statute or the common law does not establish that one judge may make a final appealable decision or order in a case affecting the vital interests of a litigant, it is my opinion that it should first be heard by the court en banc before it becomes appealable.

Therefore, I would revoke our order dismissing the appellees' motion to quash and enter a new order granting it. For this reason I respectfully dissent from the Per Curiam Order affirming the summary judgment entered in appellees' favor.