## Kelly *v.* Herb et al., Appellants.

*Pleading—Signing of statement by attorney—Act of May 25, 1887.*

Under the act of May 25, 1887, a statement, signed by an attorney at law on the day he was sworn in as judge of the orphans' court and on the day after he was appointed and commissioned, is valid, although the statement was not filed until after the attorney took the oath of office as judge. In such a case the signing of the statement, not the filing, was the official act.

*It seems* that the word " attorney," as used in the act of May 25, 1887, means attorney at law and not attorney in fact.

Argued Feb. 3, 1892. Appeal, No. 312, Jan. T., 1892, by defendants, Herb & Greenhoff, from judgment of C. P. Berks Co., Oct. T., 1891, No. 28, in favor of plaintiffs Ellen Kelly et al., for want of a sufficient affidavit of defence. Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Assumpsit on three promissory notes.

The averments of the affidavit of defence appear in the opinion of the Supreme Court.

The court entered judgment for want of a sufficient affidavit of defence.

Defendants appealed.

*Errors assigned* were the entry of judgment and in not discharging the rule for judgment.

*D. E. Schroeder, Geo. F. Hagenman,* for appellants, cited, Murdock v. Martin, 132 Pa. 93; Gould v. Gage, 118 Pa. 559; Sims v. Hampton, 1 S. & R. 412; Metzler v. Kilgore, 3 P. & W. 247; Mechanics' Bank v. Gorman, 8 W. & S. 307; Lanning v. Pawson, 38 Pa. 481; Small's Ap., 24 Pa. 400; Claason's Ap., 22 Pa. 363; Ex parte D'Obree, 8 Vesey 82.

*William Kerper Stevens, B. Frank Dettra* with him, for appellees, cited Austin's Case, 5 Rawle, 202; Adam v. Mengel, 8 Atl. Rep. 606; Campbell v. Com., 96 Pa. 344; Riddle v. Bedford Co., 7 W. & S. 391; Keyser v. McKissan, 2 Rawle, 139.

OPINION BY MR. JUSTICE STERRETT, March 21, 1892.

One of the points made by the defendants, in their affidavit of defence, is, that plaintiff's statement, under the act of May 25, 1887, is signed by "H. W. Bland, attorney for plaintiffs," and was filed of record "on September 17, 1891, at about 12 o'clock, M., or thereafter;" that said H. W. Bland is the same person who, on September 16, 1891, was duly appointed and commissioned as judge of the orphans' court of Berks county, and afterwards, "on said September 17, 1891, at the hour of 11 o'clock, A. M., or earlier," was duly sworn into said office. The affidavit then, argumentatively, concludes thus:

"Defendants, therefore, aver that plaintiffs' statement, etc., so, as aforesaid, filed is not in accordance with the act of May 25, 1887, P. L. 271, and is not signed by said plaintiffs or their attorney, as is required by said act, and that, therefore, they,

the said defendants are not required to further reply thereto by affidavit."

It cannot be doubted that, up to the time that Mr. Bland took the oath of office, and thus assumed the duties thereof, he was as fully competent as any other attorney at law to prepare plaintiffs' statement, and sign the same as their attorney. The fact that he was duly appointed and commissioned the day before did not disqualify him from acting as attorney for plaintiffs or any one else. His right " to practice as an attorney and counselor at law " did not cease until he actually assumed the judicial office by taking the prescribed oath. It is not averred in the affidavit of defence that he either prepared or signed the statement afterwards; nor are its averments even susceptible of any such inference. Signing the statement was the official act. If the defendants meant to say that Mr. Bland did that, after his authority to act as attorney ceased, it would have been an easy matter to have averred the fact in unequivocal language ; but they have not done so. It matters little when the statement was filed, whether before or after Mr. Bland assumed the judicial office.

We cannot assent to the learned judge's suggestion, that the word " attorney," as employed in the act, means " attorney in fact " as well as " attorney at law." We have no doubt it was intended to be understood in the latter sense only. While it is not improbable that the draftsmen of the act may have had a vague idea of making the practice of the law easy, by abolishing time-honored distinctions, etc., it is scarcely possible that he intended to open wide the door of the profession, so that every layman might enter and participate in the preparation of pleadings.

The conclusion reached by the court below was that the sufficiency of the plaintiffs' statement was unsuccessfully assailed; and in that we agree. Neither of the specifications of error is sustained.

Judgment affirmed.