Albert Johnson, Appellant, *v.* Abington Township School District.

Argued March 5, 1929.

Before TREXLER, KELLER, LINN, GAW-THROP and CUNNINGHAM, JJ.

---

562

*Clarence J. Wing*, for appellant.—Paying commissions to a de facto officer does not preclude the de jure officer from collecting commissions: Marshall v. Uniontown Borough School District, 262 Pa. 224; Hertzog v. Hertzog, 29 Pa. 465.

*M. J. Martin*, for appellee.

OPINION BY LINN, J., April 10, 1929:

The court, trying the case without a jury, found that plaintiff was elected tax-collector of defendant township school district, and qualified to collect the school taxes for 1925. In circumstances not now material, the school board, without the right to do so, had authorized the collection of the taxes for that year by another person who collected a large part of the taxes payable before the plaintiff received the tax duplicate. This suit was brought by plaintiff to require the township to pay to him, not only the commissions earned by him on collections he made, but also the commissions he would have earned if he had collected the taxes that were collected by the collector improperly designated by the school board. The court, being of opinion that there was no contract between the school district and the plaintiff and that the district was "not liable for the wrong doing of its directors," found for the defendant, except as to such portion of the taxes as were actually collected by the plaintiff, an amount not in dispute. We cannot sustain the conclusion.

On the facts found, plaintiff was entitled to recover the entire amount for which he sued. The

rule applicable, and the reasons for it, were so fully considered recently in Jones v. Dusman, 246 Pa. 514 (followed in Marshall v. Uniontown Borough School District, 262 Pa. 224), that we need add nothing to the subject. In the former case it was said, "...... salary and emoluments allowed attach to the office itself, and not to the individual discharging the duties of the office, except as he is an officer de jure."

The judgment is reversed and the record remitted with instructions to enter judgment for the plaintiff for the entire amount shown to be due under the rule stated.