## Tarner, Appellant, *v.* Chambersburg Borough School District.

Argued January 24, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edwin D. Strite,* with him *J. McD. Sharpe,* for appellant.

*Edmund C. Wingerd,* with him *John W. Hoke,* for appellee.

OPINION BY MR. JUSTICE LINN, March 25, 1940:

In the quo warranto proceeding, reported as *Com. ex rel. Tarner v. Bitner,* 294 Pa. 549, 144 A. 733, it was decided that Tarner, who is the plaintiff in the present case, held title to the office of tax collector for the borough of Chambersburg for the year 1928. For that year, Bitner, who was the defendant in the quo warranto and who was held not entitled to the office, collected $134,-803.66 school taxes and retained $3,370.09 as tax collector's compensation. Thereafter, Tarner, contending that the right to receive the compensation was inherent in his office, brought this suit against the school district to recover the compensation specified as wrongfully[1] paid to Bitner.

At the trial the plaintiff proposed to prove the resolution of the school board fixing the collector's compensation at 2½ per cent. The defendant objected, on the ground, as we understand it, that the action of the school board fixing the rate of the collector's compensation could not be shown because "plaintiff's statement declares on a quantum meruit specifically and not on a contract with the School Board." The objection was sustained, and the course of the trial, resulting from this ruling, led to a motion by plaintiff to amend his statement to include an averment of the action of the school board. To allow time for the consideration of

---

[1] Compare *Jones v. Dusman,* 246 Pa. 513, 92 A. 707.

the amendment, the jury was discharged. The motion to amend was subsequently denied on the ground that the amendment introduced a new cause of action after the statute of limitations had run. Thereafter, jury trial was waived and the case was tried by the court on the same evidence which had been taken in the jury trial, each side reserving the right to appeal. The learned judge disposed of the case by finding for the defendant, from which the plaintiff appealed.

The relation of tax collector and municipality results from legislation and not from contract; the right of the holder of the office to receive the compensation annexed to the office is legislative and not contractual.[2] Keeping that distinction in mind, we examine the statement of claim to see whether the excluded evidence should have been admitted. The Practice Act required the plaintiff to state "in a concise and summary form . . . the material facts on which" he relied. In the statement he avers facts showing his title to the office; that he demanded the duplicate of taxes assessed by the school district for school purposes for 1928 and was ready and willing to furnish the proper bond[3] but that the school district refused to recognize his title and, on the contrary, recognized George H. Bitner as collector. In the 8th paragraph he avers that Bitner collected $134,803.66 "on which plaintiff was entitled to receive two and one half per cent (2½%) commissions . . . amounting to . . . $3,370.09 . . ." In the 9th paragraph he avers that the commissions as previously set forth "are lawful, just, fair and reasonable".

While the statement of claim may not be regarded

---

[2] See *Com. v. Bacon*, 6 S. & R. 321; *Cumberland v. Holcomb*, 36 Pa. 349; *Rink v. Phila.*, 15 W. N. C. 345, affirmed 17 W. N. C. 136; *Marshall v. Uniontown School District*, 262 Pa. 224, 105 A. 78; *Cooke v. Roberts*, 335 Pa. 561, 7 A. (2d) 357; *Johnson v. Abington Twp. School Dist.*, 95 Pa. Superior Ct. 561; *Swaney v. School District of Georges Township*, 96 Pa. Superior Ct. 395.

[3] Compare *Rink v. Phila.*, 17 W. N. C. 136.

as a model declaration, it does sufficiently aver the title to the office, the unlawful payment to another of a specified sum on which the plaintiff was entitled to receive 2½ per cent commissions and that the "commissions . . . are lawful . . ." In exercising the right to claim compensation, the officeholder necessarily refers to the legislation providing for the compensation. Section 554 of the School Code (1911, P. L. 309, 343, 24 PS section 605) provided that "school tax collectors shall be paid such commissions or compensation as may be determined by the board of school directors . . ." but it was not necessary for plaintiff to plead that statute: *Goldberg v. Friedrich,* 279 Pa. 572, 574. It is also averred that the commission was "lawful"; it is of no moment, on the merits, that the pleader also added the words "just, fair and reasonable". We think a fair reading of the statement is that the 2½ per cent rate had been fixed according to law; that is, by the school board, to whom the legislature had delegated that duty. The averment was not fatally defective because it did not contain the addition that on such and such a day the school board had passed a resolution fixing the collector's commission at 2½ per cent as plaintiff offered to prove.[4] The statement was sufficient to notify the defendant of the rate claimed, a rate established pursuant to the School Code passed by the General Assembly and the resolution adopted by the school board. If the statement had been regarded as inadequately advising

---

[4] It is of course true, as appears in the brief filed by learned counsel appearing for the school district, that when a public official's "compensation must be fixed in a particular way, [he] cannot recover on a quantum meruit because the law has particularly and definitely excluded a recovery by him of the ordinary and reasonable worth of his services as determined by a jury, by constituting a particular body, in the present case the school board, to determine and fix his compensation." But, as our analysis of the statement shows, we cannot agree that plaintiff is suing on a quantum meruit. He is suing for compensation attached to his office.

defendant of what it would be required to meet at the trial, a rule for a more specific statement would have been appropriate.

We all agree that the learned court erred in refusing to permit plaintiff to put in the resolution of the school board. The first, second, third and fifth assignments of error dealing with the exclusion of evidence in the respect considered are sustained.

The fourth assignment of error, which complains of the refusal to allow amendments to the sixth paragraph of the statement and to two sections of the eighth paragraph and to the ninth paragraph, we dismiss as raising more than one point in violation of Rule 22, though it is obvious, from what we have said, that an amendment is not required for the purpose of allowing proof of the action of the school board. As to the proposed amplification of the sixth paragraph we should say, if the point were before us, that the amendment was not an averment of a new cause of action.

The judgment is reversed and a new trial is granted.