## Pfarr, Appellant, *v.* Allegheny County.

Argued March 26, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*John W. Cost,* with him *John D. McIntyre* and *Clyde E. Donaldson,* for appellant.

*James A. Wright,* Assistant County Solicitor, with him *Walter P. Smart,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE LINN, May 6, 1940:

Plaintiff appeals from a judgment entered on defendant county's objection that he had not stated a good

cause of action: section 20, Practice Act of 1915. He declared, as fire marshal of the county, for a sum composed of (1) expenses incurred in performing the duties of that office from January 1, 1933, to April 7, 1933, (2) amounts spent "for investigation and taking care of material witnesses" pursuant to the direction of Judges MARSHALL and GARDNER during the prosecution of certain arson indictments, and (3) "fair and adequate yearly compensation for the services rendered by the Fire Marshal" at the rate of $5,000 per year from April 7, 1933, to August 7, 1937.

The term of the office of fire marshal appears to be one year. The Act of April 18, 1864, P. L. 465, provided for the appointment to that office by the court of common pleas of the county at a salary of $10 per year payable quarterly by the county. The Act of April 7, 1933, P. L. 29, 16 PS section 2271, provided that "In all counties of the second class of this Commonwealth, the board of county commissioners, subject to the approval of the president judge of the court of common pleas, by resolution regularly passed, shall fix the compensation of the fire marshal, payable by the county, at a sum adequate for the services of such fire marshal. Such adequate compensation shall be fixed by determining the fair and reasonable annual sum for the services to be rendered and a fair estimate of the cost and expenses to be incurred in the discharge of the duties of such fire marshal." Plaintiff averred that on December 10, 1936, the salary board fixed the salary of the fire marshal at $3,000 a year, effective December 1, 1936, and that, in his statement of claim, he had allowed credit for so much of that salary as had been paid during the period for which he claimed.

It is settled in this commonwealth that plaintiff's relation to the county and his right to compensation result from legislation and not from contract: *Tarner v. Chambersburg Borough School District,* 338 Pa. 417. He can therefore recover no salary except in the amount

prescribed pursuant to the legislation. Our attention has not been called to any statute requiring the payment of the officer's expenses; the Act of April 14, 1870, P. L. 1173, in authorizing the marshal power to appoint two* deputies, provides that they "shall not be paid anything out the treasury of the county." He has alleged no circumstances which would create an obligation on the county supporting an action for the recovery of expenses (compare *Gilchrist v. Wilkes-Barre*, 142 Pa. 114, 21 A. 805).

As respects the expenses incurred during the prosecution of the arson cases, we adopt what was said by ROWAND, J., in the opinion filed below: "The plaintiff further makes claim for $512.87, which is itemized in Exhibit 'C', alleging that this sum was incurred under direction of Judges ELDER W. MARSHALL and SAMUEL H. GARDNER in the prosecution of three notorious arson cases. An itemized account is set forth on three different cases, and it is stated that the sums were expended after consulting Judge MARSHALL in the one case and Judge GARDNER in the other two cases. The statement of claim is silent as to whether or not these items of expenses were submitted to the Judges and by them approved. It is alleged that they were submitted July 10, 1933, to the then Board of County Commissioners and payment was refused. Six years have elapsed since this refusal. It is a well-known practice in the Quarter Sessions Court of our County, and we have no doubt plaintiff is familiar with it, that where an officer at the suggestion of the District Attorney or any of the Judges incurs expenses, a bill is presented which is O. K.'d by the District Attorney and submitted to the Judge in charge, who in turn makes an order for the payment of such reasonable amount to the said officer, and invariably the County Commissioners approve such an order

---

* The Act of May 10, 1871, P. L. 672, increased the number to 30 but said nothing about their payment by the county.

and it is paid. We must hold that the County was not liable for this bill as now presented, as there is no contractual relation between the plaintiff and the defendant."

Judgment affirmed.