Newhard, Appellant, *v.* North Union Township School District.

478

Argued November 14, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Anthony Cavalcante,* for appellant.

*Alfred E. Jones, Jr.,* for appellee.

OPINION BY GUNTHER, J., March 18, 1952:

Appellant, a former collector of delinquent taxes, instituted this action in assumpsit to recover commissions, compensation and expenses from appellee, a third class school district. Preliminary objections raising the

authority of the school district to contract for the payment of the sums claimed were sustained and judgment entered for the appellee. The court below held that the liability of the school district to the collector for his services was wholly statutory, and incapable of being made the subject matter of a contract; that, even if the appellant were otherwise entitled to the statutory commission and the reimbursable expenses, his noncompliance with the mandate of the law to account and pay over the taxes collected precluded him from receiving any benefits of the appointment.

Appellant was appointed a collector of delinquent taxes pursuant to the provisions of §686 of the Public School Code of 1949.[1] The duties defined by that section include, *inter alia,* the collection of ". ... any and all school taxes from the collection of which the original tax collector has been exonerated, in accordance with the laws of this Commonwealth, and which taxes still remain unpaid upon any of the school tax duplicates, other than such unpaid school taxes as shall have been filed as liens in the office of the prothonotary, or have been returned to the county commissioners for sale." Appellant contends that, in addition to the duty of collecting delinquent taxes, his duties included the setting up, for the school district, of a permanent office for the collection of all past and future delinquent taxes, at the location designated by the school board, and the setting up and maintaining in said office of a permanent record of all past and future delinquent taxes; that the school board had agreed to pay reasonable compensation for these services in addition to furnishing all postage, stationary, office equipment, clerical help, telephone, janitor and other services incidental to the maintenance of the office and records.

---

[1] Act of March 10, 1949, P. L. 30, §686, 24 PS §6-686.

Section 107 of the Public School Code of 1949[2] provides that "Where, by the provisions of this act, . . . additional services are imposed upon any public official for which no compensation is provided, the board of school directors of the proper district may, unless such service is required to be performed without compensation, pay out of the funds of the district such reasonable compensation for such service or additional service as it may determine, subject to the provisions of this act." It may be that appellant is entitled to compensation in addition to the commissions, and to be reimbursed for expenses incurred in connection with the setting up and maintenance of the office and records. But to be entitled to this additional compensation it must be shown that the requirements of §508 of the Public School Code of 1949 have been complied with. That section provides, in parts material here, that in fixing the compensation of officers "or other appointees" the affirmative vote of the majority of all the members of the board of school directors is required, and that this vote must be duly recorded showing how each member voted; otherwise such act of the board is void and unenforceable. The complaint does not aver compliance with the statutory command; there is no showing that the board voted the compensation for additional services; the minutes of the board were not pleaded in the record. To sustain preliminary objections the question before the court is not whether under the facts as stated the plaintiff can recover, but whether the claim as stated excludes the possibility of recovery under a better statement of facts. *Adler v. Helsel*, 344 Pa. 386, 25 A. 2d 714; *Lacy v. East Broad Top Railroad & Coal Co.*, 168 Pa. Superior Ct. 351, 77 A. 2d 706. Appellant when acting as collector of delinquent taxes was a public

---

[2] Act of March 10, 1949, P. L. 30, Art. I, §107, 24 PS §1-107.

officer and as such he can recover compensation for his services on the basis of a statutory right. *Tarner v. Chambersburg Borough School District*, 338 Pa. 417, 12 A. 2d 106. A school official cannot recover his compensation on the basis of quantum meruit; a school board has no right to make an agreement to pay on the rule of quantum meruit. *In re: Appeal of Sykesville Borough*, 91 Pa. Superior Ct. 335. Unless statutory provisions are observed there can be no enforceable contract entered into by the school board. *Walters v. Topper*, 139 Pa. Superior Ct. 292, 11 A. 2d 649; *Waltman v. Albany Township School Dist.*, 64 Pa. Superior Ct. 458. Appellant should have been given leave to amend his complaint to show compliance, if he could, with the provisions of the Public School Code as they relate to the question of additional compensation for additional work. In *Meiss's Appeal*, 317 Pa. 28, 176 A. 199, it was held that a solicitor of a school district was entitled to additional compensation for services imposed on him by the board which services were not in the scope of usual and ordinary duties of the solicitor for the district.

The second question raised on this appeal is whether the appellant by his conduct has forfeited his right to compensation. A collector of delinquent taxes is responsible to account to the board of school directors of all taxes collected by him in the manner and in accordance with the existing law pertaining to school tax collections. Section 686 of the Public School Code of 1949. Section 25 of the Local Tax Collection Law of 1945[3] provides that a collector shall make monthly reports and before the tenth of the month pay over all the moneys collected during the preceding month. The appellant has not done so. He had deposited the money collected, save $120 remitted to the appellee, in a bank. After

---

[3] Act of May 25, 1945, P. L. 1050, §25, 72 PS §5511.25.

the termination of his services the sums collected were placed by the appellant in a bank on request of the bonding company, as provided for in the bond, under the joint control of himself and the surety. Did he act in bad faith and without regard to his legal duty? That is a question of fact. Section 25 of the Local Tax Collection Law, supra, does not provide for forfeiture of compensation of the collector in case of violation of the statutory command. Section 32 of the Local Tax Collection Law, supra, provides that all payments made by any taxing district to a collector for compensation shall be made on proper warrants, and it is unlawful for any collector to deduct funds for his compensation or expenses. Here no compensation was paid, the appellant deposited the collected sums intact in a bank, and did not deduct any compensation.

Judgment reversed, and record remanded with instructions to afford appellant leave to amend within 20 days.