Cullen Appeal.

Argued November 13, 1958.  Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

reargument refused January 12, 1959.

*David Olbum,* with him *Robert J. Landy,* for candidate, Cullen.

*John Y. Scott* and *Saul L. Rubin,* with them *Maurice L. Epstein,* and *J. Roy Lilley,* for candidate, Moscrip.

OPINION BY MR. CHIEF JUSTICE JONES, December 11, 1958:

When this matter first came before us on the separate appeals of James W. Cullen and Andrew S. Moscrip, respectively the Democratic and Republican nominees for the office of Judge of the Court of Common Pleas of the 42nd Judicial District (Bradford County) at the 1957 Municipal Election, there was only the adjudication of the hearing judge, Honorable CHARLES G. WEBB, of the 4th Judicial District; spe-

cially presiding, in a timely instituted recount proceeding.

According to the adjudication, Moscrip was credited with having received 7,471 votes and Cullen 7,469 for a difference of two votes in Moscrip's favor. Both contestants filed exceptions to the court's rulings for a combined total of forty-four. After argument, the hearing judge sustained five of Cullen's exceptions and seven of Moscrip's for a net gain for Moscrip of two votes. The return, as thus established by the corrected adjudication of the hearing judge, showed Moscrip to have received 7,470 votes and Cullen 7,466 for a plurality of four votes for Moscrip. The matter then came on for our review on the above mentioned cross appeals of Cullen and Moscrip (see 392 Pa. 602, 141 A. 2d 389).

After argument by counsel for the respective appellants and appellees on the forty-four contested rulings of the hearing judge, we remanded the record for a review thereof by a court *en banc* composed of the hearing judge and two additional common pleas court judges whom we specially assigned for the service, namely, Hon. MICHAEL J. EAGEN of the 45th Judicial District and Hon. ABRAHAM H. LIPEZ of the 25th Judicial District.

Thereafter, the court *en banc,* having sat for the purposes of its constitution, entered a final order, joined in by Judges WEBB and LIPEZ (Judge EAGEN dissenting) which amended the adjudication of the hearing judge so as to show "the total vote for the entire county" as 7,469 for Moscrip and 7,468 for Cullen, or a plurality of *one* vote for Moscrip. The record, as augmented by the three separate opinions of the judges composing the court *en banc* and the above mentioned final order, was returned to this court in accordance with our order of remand; reargument of the several appeals by counsel for the respective contestants on the

basis of the augmented record has since been had; and we now have the matter for disposition.

The wisdom of our action in remanding the record for review by a court *en banc* is confirmed by the fact that, of all the contested rulings on ballot markings made by the hearing judge, only five remain concerning which the members of the court *en banc* have differed. Accordingly, we have accepted such of the rulings of the hearing judge as the court *en banc* has unanimously confirmed, and have confined our examination to the five ballots with respect to which the members of the court *en banc* were divided.

The end result of the division discloses the following situation: Judge WEBB found the vote to be 7,470 for Moscrip and 7,468 for Cullen, for a plurality of two for Moscrip; Judge LIPEZ found it to be 7,469 for Moscrip and 7,468 for Cullen, for a plurality of one for Moscrip; and Judge EAGEN found it to be 7,470 for Cullen and 7,467 for Moscrip, for a plurality of three for Cullen. The difference of two votes in Moscrip's plurality as shown by Judge WEBB's original adjudication, as hearing judge, and his later tabulation, as a member of the court *en banc,* is due to the fact that he reversed himself with respect to three ballot markings for Cullen and one for Moscrip all of which he had formerly held to be invalid. Judge WEBB thus increased Cullen's total by three votes and Moscrip's by one vote for a net gain of two for Cullen. We mention this merely in explanation of the two-vote reduction in Moscrip's plurality according to Judge WEBB's final count and not as any impeachment of his ultimate conclusion. It is hardly necessary to add that the judges who took part in the disposition of this matter in the court below performed the duties of their assignment with painstaking care and notable fairness, and we are grateful for their proficient and helpful services. The

final minimal differences between the members of the court *en banc* represent understandable varying points of view with respect to the legal effect of certain markings on the five disputed ballots. Such differences serve, moreover, to accentuate the difficulty, if not impossibility, of determining with anything approaching reasonable certitude that one contestant rather than the other is the successful candidate.

After extended examination and careful consideration of the markings for the office of judge on the five ballots as to which the members of the court *en banc* were in disagreement, we are unanimously of the opinion that the valid votes cast for Cullen and Moscrip are exactly even, viz., 7,468 for each.

This conclusion necessarily follows from our invalidating, as a vote for Moscrip, a ballot-marking in the square opposite his name in the candidate's block which was a figure 6: see Official Ballot, Exhibit No. 1, Terry Township, (69a). The hearing judge in his adjudication had credited the marking as a vote for Moscrip and, as a member of the court *en banc*, continued so to regard it.

Judge LIPEZ recognized that "The markings on this ballot, at first glance, look like ordinary sixes" but voted to sustain the hearing judge's ruling on the ground that, in the markings for the office of Judge, Jury Commissioner and two Constitutional Amendments, the finish of the loop of the six extended over the down stroke of the figure. That is true, but the extension was relatively so slight as not to deprive the marking of its unmistakable identity as a six. As Judge LIPEZ further noted, the same ballot's markings for candidates for three other offices "are almost perfect sixes" and that ". . . it is quite evident that the voter failed to lift his pencil after making the first line, and by keeping the pencil on the paper, the mark-

ing was given continuity", which, of course, is not the way a cross (X) is made.

With respect to this ballot, Judge EAGEN noted,—"In the office voting blocks, there are marks which constitute a perfect 6" and, then correctly added, "This ballot is not marked with an X or anything akin thereto. By no stretch of the imagination can it be construed to be an X or a valid cross mark." He consequently voted to sustain the exception to the allowance of the figure as a vote for Moscrip. He held that the ballot was void by virtue of the express provision of Section 1223(a) of the Pennsylvania Election Code of June 3, 1937, P. L. 1333 (25 PS §3063), that "(a) No ballot which is so marked as to be capable of identification shall be counted. . . . Any ballot marked by any other mark than an (X) in the spaces provided for that purpose shall be void and not counted: Provided, however, That no vote recorded thereon shall be declared void because a cross (X) mark thereon is irregular in form." The sixes on the ballot in question cannot reasonably be said to qualify as irregular (X) marks. Furthermore, their peculiarly descriptive nature made the ballot readily identifiable. The mark should not, therefore, have been counted as a valid vote.

As to the remaining four ballots, concerning which the members of the court *en banc* were divided, we approve the decision of the majority of the court in each instance, i.e., of Judges EAGEN and LIPEZ with respect to Official Ballot, Exhibit No. 3, Athens Twp.—4th District (63a), and of Judges WEBB and LIPEZ with respect to Official Ballots, viz., Exhibit No. 3, Canton Boro.—1st Ward (64a), Exhibit No. 9, Canton Boro.—1st Ward (65a) and Exhibit No. 1, Sayre Boro.—4th Ward (83a).

The result of the election for Judge of the Court of Common Pleas for the 42nd Judicial District at the

262

1957 Municipal Election is therefore a tie between candidates James W. Cullen and Andrew S. Moscrip. For such a situation Section 1418 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, prescribes the procedure for determining the candidate entitled to the certificate of election. In obedience to the statutory direction, the candidates will cast lots for the office before the County Board of Elections of Bradford County at 12 o'clock noon of the second day after the record on these appeals has been received by the prothonotary of the county.

The order of the court below is reversed and the record remanded, as in ordinary course, for further proceedings in accordance with the directions of this opinion; the costs on these appeals to be borne by the County of Bradford.