Robert C. Reed, Plaintiff *v.* Grace M. Sloan, State Treasurer of the Commonwealth of Pennsylvania, and Alexander F. Barbieri, Court Administrator of Pennsylvania, Defendants.

Argued June 7, 1976, before President Judge Bow-MAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER and BLATT. Judges KRAMER and ROGERS did not participate.

*Gretchen Sohn Reed,* with her *Morgan H. Sohn* and *John J. Petrush,* for plaintiff.

*Melvin R. Shuster,* Deputy Attorney General, with him *Gerald Gornish,* Deputy Attorney General, for defendant Sloan.

*James D. Crawford,* with him *Susan L. Carroll,* and, of counsel, *Schnader, Harrison, Segal & Lewis,* for defendant Barbieri.

OPINION BY JUDGE MENCER, July 21, 1976:

In the municipal election of November 6, 1973, there were three candidates for two seats on the Court

of Common Pleas of the 36th Judicial District (Beaver County). The candidates were Robert C. Reed, Joseph S. Walko, and H. Beryl Klein. Following the election, recount petitions were timely filed by Robert C. Reed and Joseph S. Walko. Both candidates involved in the recount stipulated that candidate Klein should be commissioned and assume office since he had received an undisputed majority of votes.

At the completion of recount proceedings and following an appeal to the Supreme Court, Robert C. Reed was determined to be the winner over candidate Walko, and his commission of office was duly issued by the Governor on October 12, 1974 and recorded on October 21, 1974, the same day on which he took his oath of office and commenced the performance of his judicial duties.

After assuming office, Robert C. Reed made inquiry of the administrative office of the Pennsylvania courts concerning the payment of the 1974 salary pertaining to his office and for reclassification as an E-1 member of the State Retirement System, applicable to judges whose terms began prior to March 1, 1974, from the Class A member status assigned to him. Subsequent inquiries and demands were unavailing, and on July 3, 1975, Robert C. Reed (plaintiff) commenced in this Court an action in mandamus against the Honorable Grace M. Sloan, State Treasurer of the Commonwealth of Pennsylvania, and the Honorable Alexander F. Barbieri, Court Administrator of Pennsylvania. The mandamus action seeks payment to plaintiff of the salary for his judicial office for the period from January 7, 1974 to October 21, 1974 and computation of his pension rights and all other emoluments belonging to his office from January 7, 1974. The case is now before us on plaintiff's motion for summary judgment following the

close of the pleadings and the filing of an agreed statement of the case and pertinent exhibits.

Although the parties have considered several facets of the matter, we are satisfied that the issue can be fairly stated as follows:

Is an elected common pleas court judge entitled to the salary and emoluments of his office from the beginning of his commissioned term without any setoff of income earned from other sources during the period of recount proceedings?

Even prior to the commencement of this suit, the State Treasurer sought and received an official opinion from the Attorney General of the Commonwealth of Pennsylvania on the issue raised here. The Attorney General concluded that the plaintiff is entitled to his salary and other emoluments of his office from January 7, 1974, the outset of the term, without any setoff for income earned during the period of recount proceedings. Therefore, the State Treasurer has not opposed and does not oppose the plaintiff's claim.

However, the Court Administrator of Pennsylvania does continue to refuse to approve the payment of salary to plaintiff for the period January 7, 1974 to October 21, 1974 and to take action necessary to secure for plaintiff his pension rights and all other emoluments belonging to his office from January 7, 1974.

The position of the Court Administrator as ascertained from his brief is that he "does not dispute plaintiff's argument or the cases cited in support thereof, insofar as they assert the position that a judge whose election is certified after recount proceedings is ordinarily entitled to compensation as if he had served from the statutory commencement of his elected term."[1]

---

[1] The Court Administrator could hardly do otherwise and give any reflection to Article V, Sections 15(a) and 16(a), of the Con-

The Court Administrator's contention that has resulted in this litigation is that plaintiff, by continuing to practice law during the period of recount proceedings, forfeited or limited his right to judicial compensation for the time period in question. This contention is premised on (1) Canon 5F of the Code of Judicial Conduct which states that "[a] judge should not practice law" and (2) the inherent unfairness of the plaintiff's being paid judicial salary while not performing judicial duties during a period when he is earning income from the practice of law.

We are satisfied that, since the plaintiff was unable to assume the duties of his judicial office until October 21, 1974, he was not subject to the Code of Judicial Conduct prior to that date.[2] Therefore,

_____

stitution of Pennsylvania and Section 11 of the Act of April 15, 1851, P.L. 648, *as amended,* 17 P.S. §8, and Section 1 of the Act of April 30, 1874, P.L. 118, *as amended,* 17 P.S. §9. These relevant constitutional and statutory provisions specify that the terms of office of common pleas court judges shall commence the first Monday of January next succeeding their election and they shall be commissioned accordingly. The plaintiff's commission in the instant case so provided and was properly granted by the Governor. The decided case law of this Commonwealth supports the plaintiff's claim to compensation payable from the date of his commission. *See Naef v. Allentown,* 424 Pa. 597, 227 A.2d 888 (1967) ; *Tarner v. Chambersburg Borough School District,* 338 Pa. 417, 12 A.2d 106 (1940) ; *Cooke v. Roberts,* 335 Pa. 561, 7 A.2d 357 (1939) ; *Marshall v. Uniontown Borough School District,* 262 Pa. 224, 105 A. 78 (1918) ; *Jones v. Dusman,* 246 Pa. 513, 92 A. 707 (1914) ; *Rink v. City of Philadelphia,* 15 W.N.C. 345 (1884), *aff'd,* 17 W.N.C. 136 (1885), 1 Sadler 390 (Pa. Supreme Ct. 1886) ; *Rumberger v. Horvath,* 52 Pa. D. & C. 2d 177 (1970). Prior administrative precedent exists for payment to the winner of a contested judicial election of his full salary from the outset of his term to the date when he took his oath of office following receipt of his commission. *See Cullen Appeal,* 394 Pa. 256, 146 A.2d 831, *remanded,* 392 Pa. 602, 141 A.2d 389 (1958).

[2] If the Code of Judicial Conduct were applicable to the plaintiff prior to October 21, 1974, then, because there is drawn into

Canon 5F of the Code of Judicial Conduct cannot be a bar to plaintiff's cause of action in the instant case. Until such time as he took his oath of office after receiving his commission, it was permissible for him to engage in the practice of law. *Kelly v. Herb*, 147 Pa. 563, 23 A. 889 (1892).

Concerning the unfairness of the payment and the aspect of setoff, our Supreme Court has distinguished between a public officer and a public employee. When it is determined that one is entitled to a previously unpaid salary, if the person is a public officer,[3] he is entitled to his salary without deductions, but if he is a public employee, he is entitled to his salary subject to a setoff of earnings from other sources. In *Vega v. Burgettstown Borough*, 394 Pa. 406, 410, 147 A.2d 620, 622 (1958), this distinction was explained as follows:

"The distinction is based on the theory that no, contractual relationship exists between the governmental unit and a public official, and that the com-

question here the application of the Code of Judicial Conduct, we would be impelled to transfer this case to the Supreme Court of Pennsylvania, since that Court, pursuant to its power and authority under Sections 10(c) and 17(b) of Article V of the Constitution of Pennsylvania, has exclusive jurisdiction to hear and determine the matter either by the Justices thereof or through the Judicial Inquiry and Review Board (Pa. Const. Art. V, §18).

[3] It is not in dispute that plaintiff is a public officer. The test that our courts have applied in determining whether one is a public officer can be summarized as follows: If the officer is chosen by the electorate or appointed, for a definite and certain tenure, in the manner provided by law, to an office, the duties of which are of a grave and important character involving some of the functions of government and are to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury, then that person is a public officer. *See* Pa. Const. Art. VI; *Smethport Area School District v. Bowers*, 440 Pa. 310, 269 A.2d 712 (1970); *Commonwealth ex rel. Foreman v. Hampson*, 393 Pa. 467, 143 A.2d 369 (1958).

pensation, being incidental to the office which the official holds, is governed by the right to the office, and cannot be diminished by the application of the doctrine of mitigation of damages which is based on the existence of a contractual relationship."

Nor does the fact that plaintiff did not perform the duties of his judicial office during the period of January 7, 1974 to October 21, 1974 affect his right to the judicial salary pertaining to that period. As our Supreme Court declared in *McNair v. Allegheny County*, 328 Pa. 3, 8, 195 A. 118, 121 (1937), "[i]t is well settled that a judicial officer cannot be deprived of his salary merely because he did not perform the duties of the office during the salary period, unless his failure to do so constitutes a forfeiture of, or nonfeasance in, office." Here, the plaintiff could not perform his judicial duties until the recount proceedings were completed and his commission was issued.

In summary, we conclude, as did the Attorney General, that (1) the term of office of a common pleas court judge commences the first Monday of January in the year next following his or her election, (2) a judge whose election is certified after recount proceedings is commissioned as of the commencement of his or her term, (3) a judge whose election is certified after recount proceedings is entitled to back compensation and pension rights measured from the beginning of his or her term, the salary being an incident of the office to which he or she was elected, and (4) since a judge is a public officer, there may be no settoff of any income earned during the period of the recount proceedings against the salary owed.

Therefore, we enter the following

ORDER

Now, this 21st day of July, 1976, plaintiff's motion for summary judgment is granted, and it is hereby

ordered and directed that judgment be entered in favor of the plaintiff and against the defendants. It is further ordered that defendant, Alexander F. Barbieri, Court Administrator of Pennsylvania, approve the payment to Robert C. Reed of $31,538.36, as judicial compensation for the period from January 7, 1974 to October 21, 1974, that defendant, Grace M. Sloan, State Treasurer of the Commonwealth of Pennsylvania, pay, upon receipt of a properly approved requisition, to Robert C. Reed the sum of $31,-538.36, as judicial compensation for the said period of time, and that defendants do those things required of them by law to secure for Robert C. Reed his pension rights and all other emoluments belonging to his office from January 7, 1974.