Michael Pavia, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

August W. Arnold, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportatioon, Respondent.

Francis Bologna, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued September 14, 1979, before Judges MEN-CER, BLATT and MACPHAIL, sitting as a panel of three.

*T. Lawrence Palmer,* with him *Hollinshead and Mendelson;* and *McArdle, Caroselli, Spagnolli & Beachler,* for petitioners.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, November 27, 1979:

Michael Pavia, August W. Arnold, and Francis Bologna (petitioners) seek review of the orders of the State Civil Service Commission (Commission) dismissing their appeals of their furloughs from the Department of Transportation (PennDOT). The relevant facts are the same in each case, and the petitions have been consolidated for the purposes of argument and disposition.

The petitioners were individually notified on June 15, 1978 that each would be furloughed as of June 30, 1978. On June 27, 1978, they appealed their furlough notices to the Commission and requested a hearing. Before the Commission could act, however, each petitioner accepted a voluntary demotion in lieu of a furlough, and each was notified by letter of July 29, 1978 that his furlough was cancelled effective that day. The Commission denied the hearing requests on noting that the petitioners had voluntarily accepted demotions in lieu of furloughs, but the petitioners have appealed to us arguing that they did not waive their right to appeal their furloughs by accepting demotions and that, therefore, the Commission must grant the hearings requested.

Under Section 951 of the Civil Service Act,[1] a classified employee may appeal to the Commission "[a]ny permanent separation, suspension for cause, furlough or demotion on the grounds that such action has been taken in violation of the provisions of this act, [and] upon receipt of such notice of appeal, the Commission shall promptly schedule and hold a public hearing." Clearly, therefore, the petitioners were entitled to a hearing when they received their furlough notices. Inasmuch as their furlough notices were cancelled, however, the petitioners never were furloughed. Consequently, they are now in the paradoxical position of attempting to challenge a furlough which never took place.

We would agree that, at least at first glance, it might seem incongruous to expect the Commission to conduct a hearing regarding a cancelled furlough. We believe, however, that the realities of the situation as well as the policy considerations involved, require that we remand these cases to the Commission for consideration of the petitioners' claims.

Actually, whether or not the decision to furlough the petitioners was valid is not a moot issue here, for the petitioners continue to suffer from it. They are now in positions with less pay and responsibility, which they accepted reluctantly and only because they were threatened with furlough. They desire to be reinstated to their former positions and insist that they did not intend, by accepting demotions, to waive their right to a hearing on the furlough action. Indeed, they insist that they accepted demotions only after assurances by PennDOT officials that they could continue to prosecute their furlough challenges. To affirm the Commission under these circumstances, we believe,

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951.

would be to allow PennDOT to escape review of its furlough decisions merely because it agreed to demote employees whom it may have improperly furloughed in the first place.

We also believe that to deny the petitioners a hearing is inconsistent with the policy of the law to encourage injured persons to mitigate their damages. This Court has already recognized the right of public employers to set off an employee's interim earnings when the employee is reinstated. *See Eastern York School District v. Long,* 46 Pa. Commonwealth Ct. 209, 407 A.2d 69 (1979); *Reed v. Sloan,* 25 Pa. Commonwealth Ct. 570, 360 A.2d 767 (1976). Moreover, public employees have been held to have an obligation, if improperly dismissed or furloughed, to mitigate damages by making a reasonable effort to secure alternative employment. *See Rubin v. Shapiro,* 198 So.2d 854 (Fla. Dist. Ct. App. 1967); *Spurck v. Civil Service Board,* 231 Minn. 183, 42 N.W.2d 720 (1950); Annot., 150 A.L.R. 100, 111, 122 (1944). Were we to deny the petitioners a hearing in this case, we would be holding in effect that conscientious public employees who attempt to mitigate damages by accepting a demotion forfeit their right to challenge a possibly unlawful furlough. Clearly, we cannot so penalize them for accepting a demotion in mitigation of damages when at the same time we impose upon them the obligation to mitigate damages. Finally, if the employees in the present case had taken lower-paying jobs in the private sector in mitigation of damages, their right to challenge the furloughs would not have been compromised. The result should be no different for them because they accepted lower-paying positions within PennDOT.

We shall therefore remand these cases to the Commission for a hearing on the validity of the furloughs.

### ORDER

AND Now, this 27th day of November, 1979, the orders of the State Civil Service Commission in the above-captioned cases are hereby vacated, and they are remanded for hearings consistent with the opinion of this Court.