James J. McCann, Petitioner *v.* Commonwealth of Pennsylvania, Alexander F. Barbieri, Court Administrator of Pennsylvania, R. Budd Dwyer, Treasurer of Pennsylvania, Respondents.

Robert J. Conway, Petitioner *v.* Commonwealth of Pennsylvania, Alexander F. Barbieri, Justice, Court Administrator of Pennsylvania and R. Budd Dwyer, Treasurer of Pennsylvania, Respondents.

Case No. 233 C.D. 1982 submitted on briefs September 14, 1982, and Case No. 775 C.D. 1982, argued September 14, 1982 before President Judge CRUMLISH, JR., and Judges ROGERS, BLATT, CRAIG and DOYLE.

*Thomas A. Livingston*, for petitioner, James J. Mc-Cann.

*Marshall E. Anders*, for petitioner, Robert J. Conway.

*Charles W. Johns*, with him *Howland W. Abramson*, for respondent Alexander F. Barbieri.

*Vincent X. Yakowicz*, for respondent, R. Budd Dwyer.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 15, 1983:

The Honorable ROBERT J. CONWAY and JAMES J. McCANN filed separate petitions for review[1] seeking from the Honorable ALEXANDER F. BARBIERI[2] and R. Budd Dwyer[3] salary during periods of suspension from their respective benches. We transfer these actions to our Supreme Court under the provisions of 42 Pa. C. S. §5103(a).[4]

---

[1] These cases were not formally consolidated, however, a single legal issue is presented which we decide in this Opinion.

[2] BARBIERI is being sued in his capacity as Court Administrator of Pennsylvania.

[3] Dwyer is being sued in his capacity as Treasurer of Pennsylvania.

[4] 42 Pa. C. S. §5103(a) reads as follows:

(a) General rule. — If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district.

Conway and McCann were indicted in separate instances for various offenses.[5] Both were suspended by the Supreme Court for violations of the Code of Judicial Conduct under that Court's exclusive constitutional authority over the disciplining of the Pennsylvania judiciary.[6] As we have stated previously in *Reed v. Sloan*, 25 Pa. Commonwealth Ct. 570, 360 A.2d 767 (1976), *aff'd* 475 Pa. 570, 381 A.2d 421 (1977), when the Code of Judicial Conduct is applicable, our Supreme Court has exclusive jurisdiction under Article V of the Constitution of Pennsylvania.

---

[5] Conway was indicated in United States District Court and charged with conspiracy, mail fraud and violations of the Interstate Land Sales Full Disclosure Act. McCann was also indicted in United States District Court and charged with accepting bribes and conspiracy to accept bribes.

[6] Article V, §§17 and 18 set out the disciplinary procedures:

§17. Prohibited activities

....

(b)  Justices and judges shall not engage in any activity prohibited by law and shall not violate any canon of legal or judicial ethics prescribed by the Supreme Court....

§18.  Suspension, removal, discipline and compulsory retirement

....

(d)  Under the procedure prescribed herein, any justice or judge may be suspended, removed from office or otherwise disciplined for violation of section seventeen of this article, misconduct in office, neglect of duty, failure to perform his duties, or conduct which prejudices the proper administration of justice or brings the judicial office into disrepute and may be retired for disability seriously interfering with the performance of his duties.

....

(h)  ... It [the Supreme Court] shall order suspension, removal, discipline or compulsory retirement ... as it finds just and proper.... Upon an order for suspension or removal, the justice or judge shall be suspended or removed from office, and his salary shall cease from the date of such an order....

The actions of CONWAY and McCANN are simply thinly-veiled collateral attacks on orders of the Supreme Court. It is clear beyond reasonable doubt that we cannot review orders of our Supreme Court.

### ORDER

The petitions for review of JAMES J. McCANN and ROBERT J. CONWAY are hereby transferred to the Pennsylvania Supreme Court for their proper adjudication.