460 A.2d 722

The FIRST AMENDMENT COALITION, the Pittsburgh Post-Gazette, and the Philadelphia Inquirer, Petitioners,

v.

JUDICIAL INQUIRY AND REVIEW BOARD.

Supreme Court of Pennsylvania.

May 27, 1983.

---

Katherine Hatton, Philadelphia, for petitioners.

Perry Bechtle, Philadelphia, for respondent.

Before ROBERTS, C.J., and NIX, FLAHERTY, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ZAPPALA, Justice.

Petitioners, the First Amendment Coalition and Coalition members, the Philadelphia Inquirer and the Pittsburgh Post-Gazette, request that this Court issue a writ of mandamus compelling Respondent Judicial Inquiry and Review Board to file with this Court as a public document the record of its investigation of charges against a member of the judiciary of this Commonwealth. As the Board, a constitutionally independent body, has made no recommendation to this Court of suspension, removal, discipline, or compulsory retirement in this matter, this Court is prohibited by Article

V, section 18 of the Pennsylvania Constitution from granting Petitioners' request. Accordingly, the petition is denied.

The present action was brought on Friday, May 6, 1983. On Wednesday, May 11, the Board filed a motion to dismiss the petition on the ground that there is no constitutional basis for the filing of the record in a case where the Board has made no recommendation of action, and on the further ground that Petitioner Philadelphia Inquirer had, on Sunday, May 8, 1983, stated in an editorial that it had obtained a full transcript of the proceedings and had begun to publish extensive verbatim excerpts of the transcript. In their answer to the motion to dismiss, Petitioners acknowledged the publication of portions of the transcript by Petitioner Philadelphia Inquirer and the Philadelphia Daily News, another member of Petitioner First Amendment Coalition, but alleged that the transcript was not available to the public or to the other members of the First Amendment Coalition. According to Petitioners, "[o]ther members of the Coalition may, if the transcripts were available, publish them verbatim. Others reviewing the transcripts may find that portions unpublished to date are worthy of public notice."

The Judicial Inquiry and Review Board was created in 1968 with the adoption by the citizens of this Commonwealth of present Article V, section 18 of the Pennsylvania Constitution. Pursuant to subsection (a) of section 18, the Board consists of nine members: three judges from different judicial districts of the court of common pleas and two judges of the Superior Court, who are appointed by the Supreme Court; and two lawyer and two non-lawyer members, who are appointed by the Governor. Pursuant to subsection (b), the members serve for a single term of four years and elect a chairman annually. Members may be removed by their respective appointing authorities only for cause.

Subsection (e) directs the Board to receive complaints and reports, formal or informal, pertaining to matters relating to the suspension, removal, discipline, or compulsory retirement of justices or judges, and to make such preliminary investigations as the Board deems necessary. Should the Board

determine that the complaint or report warrants further investigation, it may order a hearing pursuant to subsection (f), after which, if it "finds good cause therefor," the Board is directed by subsection (g) to "recommend to the Supreme Court the suspension, removal, discipline or compulsory retirement of the justice or judge."

Pursuant to subsection (h), upon receipt of such a recommendation, the Supreme Court "shall review the record of the board's proceedings on the law and facts and may permit the introduction of additional evidence. It shall order suspension, removal, discipline, or compulsory retirement, or wholly reject the recommendation, as it finds just and proper.... All papers filed with and proceedings before the board shall be confidential but upon being filed by the board in the Supreme Court, the record shall lose its confidential character."

From the foregoing provisions, it is clear that the Judicial Inquiry and Review Board was created to act as a constitutionally independent body. This Court is authorized to appoint some of the Board's members and to remove those same appointees for cause, but unless and until the Board "recommend[s] the suspension, removal, discipline or compulsory retirement of [a] justice or judge," the Board's decisions are constitutionally its own, and may not be disturbed by this Court, whether the decision be to regard a complaint as unfounded, to conduct a preliminary investigation, to hold a hearing, or, following the hearing, to make no recommendation of action to this Court.

The authority conferred upon this Court by subsection (h) to "order suspension, removal, discipline or compulsory retirement, or wholly reject the recommendation" is the only dispositional authority granted to this Court by Article V, section 18 of the Pennsylvania Constitution, and is of course dependent upon the existence of a Board recommendation of action in the first place. If, as in the present matter, a majority of the Board determines that suspension, removal, discipline or compulsory retirement is not warranted, there is no recommendation of action for the Board to make and

thus no constitutional authority for this Court to review the record and act. The matter is constitutionally closed. Absent a Board recommendation of action, an order such as that sought by Petitioners, directing the Board to file the record of its proceedings with this Court, would clearly be violative of the constitutional division of authority between the Supreme Court and the independent Judicial Inquiry and Review Board.

Nor can this Court circumvent the mandate of the Constitution by using its plenary jurisdiction to reopen the matter, for this jurisdiction applies only to matters "pending before any court or district justice of this Commonwealth...." 42 Pa.C.S. § 726. Clearly, the Board, defined by section 725 of the Judicial Code as an "agency," is not a court. As was recently observed,

"[t]he Board is not a court as defined under this Act. The Board was established as an independent Board not beholden to this Court until a recommendation of discipline is filed. Therefore, a matter before the Board is not pending before a 'court' for purposes of plenary jurisdiction. To hold otherwise would be to permit this Court to interfere at any time in the proceedings before the Board, even to the extreme of prohibiting the Board from considering an action properly filed."

*In re Proceedings of the Judicial Inquiry and Review Board Concerning "XYZ,"* No. 72 E.D.Misc.Dkt.1983, Concurring Opinion of Zappala, J., joining in the Order of the Court, at pp. 4–5 (filed May 6, 1983).

Although we recognize that this matter has engendered public controversy, we must be guided by our fundamental obligation as judges to render our decisions "unswayed by partisan interests, public clamor, or fear of criticism." Code of Judicial Conduct, Canon 3A(1). Our sworn duty is to uphold the Constitution of this Commonwealth, not to rewrite it.

Petition denied.

LARSEN, and McDERMOTT, JJ., did not participate in the consideration or decision of this case.

HUTCHINSON, J., files a concurring opinion.

NIX, J., would grant the motion for expedited consideration of the petition and deny the motion to dismiss the petition.

HUTCHINSON, Justice, concurring:

For the reasons given in my concurring opinion *In the Matter of Petition of the Pennsylvania Bar Association and Frank B. Boyle,* 501 Pa. 127, 460 A.2d 721, 1983, I concur.