460 A.2d 721

**In the Matter of Petition of the PENNSYLVANIA BAR ASSOCIATION and Frank B. Boyle.**

Supreme Court of Pennsylvania.

May 27, 1983.

Richard E. McDevitt, Executive Director, JIRB, Richard A. Sprague, Marvin Comisky, Philadelphia, LeRoy S. Zimmerman, Atty. Gen., Harrisburg, for respondents.

John G. Harkins, Jr., Lloyd R. Ziff, Thomas E. Zemaitis, Pepper, Hamilton & Scheetz, Philadelphia, for petitioner; Bernard M. Borish, Philadelphia, Andrew N. Farley, Pittsburgh, Joseph E. Gallagher, Scranton, Carl E. Glock, Jr., Pittsburgh, Herbert J. Johnson, Jr., Erie, Charles C. Keller, Washington, Robert M. Landis, Philadelphia, Robert M. Mundheim, Philadelphia, Raymond Pearlstine, Norristown, Judd N. Poffinberger, Pittsburgh, Henry T. Reath, Philadelphia, George M. Weiss, Pittsburgh, of counsel.

George H. Williams, Executive Vice President, Am.Judicature Soc., Chicago, Ill., John W. Eckman, Brother Patrick Ellis, Walter A. Spiro, Co-Chairman, Greater Phila. Ptshp. Philadelphia, for amicus curiae.

Before ROBERTS, C.J., NIX, FLAHERTY, McDERMOTT, HUTCHINSON, and ZAPPALA, JJ.

1. *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975); *cert. denied*, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976).

128 

## ORDER

PER CURIAM:

The petition to assume jurisdiction is denied for the reasons set forth in *The First Amendment Coalition, et al. v. Judicial Inquiry and Review Board,* No. 76 E.D.Misc.Dkt. 1983, filed this day (copy attached).

LARSEN, J., did not participate in the consideration or decision of this matter.

McDERMOTT, J., files a concurring opinion.

HUTCHINSON, J., files a concurring opinion.

NIX, J., would grant Application to Establish a Briefing Schedule and for Oral Argument on the Petition to Assume Jurisdiction over Proceedings Relating to Charges of Judicial Misconduct.

McDERMOTT, Justice, concurring.

While I may well agree with the majority that the Constitution mandates confidentiality I would, none the less, grant the petition, have the issue fully briefed and hear Argument.

HUTCHINSON, Justice, concurring.

Although I fully understand the concerns that lead a minority of this Court to believe action on this matter should be deferred until after briefing and argument, nevertheless, the words of our Constitution so plainly deprive this Court of jurisdiction to entertain the subject matter of the petition that I believe it must be summarily dismissed.

Furthermore, all the policy concerns and extraordinary circumstances set forth in the petition as reasons for us to ignore the Pennsylvania Constitution are fully addressed for those who will trouble to read it in *Mosk v. Superior Court of Los Angeles County,* 25 Cal.3d 474, 159 Cal.Rptr. 494, 601 P.2d 1030 (1979). That case involved an interpretation of the confidentiality provisions of the California Constitution containing language originally identical to Article V, Section 18(h) of our Constitution. I find its reasoning, developed in

the context of a full adversary proceeding entirely persuasive on the issue. The words of our Constitution plainly direct confidentiality of proceedings before the Judicial Inquiry and Review Board, unless there is a recommendation for discipline upon the Board's finding of good cause. Article V, Section 18(g). It is that finding of good cause which triggers our jurisdiction under Article V, Section 18(h).

In this case the Board has found no good cause for discipline. Therefore, we are plainly without jurisdiction to act further in the proceedings and the petition must be summarily dismissed. Petitioners' dissatisfaction with either the procedures or the results in this case are not cognizable in this forum.*

* It seems obvious to this writer that this Court does not have inherent power to remove an elected judge; it was for this very reason that the authority to do so on the recommendation of the Board that cause for discipline exists was included in the new Judiciary Article of the Constitution adopted in 1969 by the people of Pennsylvania.