Bernard Snyder, Judge, Court of Common Pleas of Philadelphia County, Petitioner *v.* Judicial Inquiry and Review Board et al., Respondents.

Hearing held February 2, 1984, before President Judge CRUMLISH, JR.

*Richard A. Sprague,* with him *William R. Herman, Steve Alexander and Stephen R. Basser, Sprague & Rubenstone and James D. Crawford, Schnader, Harrison, Segel & Lewis and Edward W. Mullinix,* for petitioner.

*G. Thomas Miller, McNees, Wallace and Nurick,* with him *Perry S. Bechtle,* for respondent.

MEMORANDUM OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 22, 1984:

This proceeding was commenced by the filing of a petition for review in the nature of a complaint in equity which averred that this Court enjoys exclusive original jurisdiction over this action as provided in Section 761(a)(1) and (b) of the Judicial Code, 42 Pa. C. S. §761(a)(1) and (b).

Petitioner, the Honorable Bernard Snyder, a Judge of the Court of Common Pleas of Philadelphia County, seeks preliminary and permanent injunctive relief of the Judicial Inquiry and Review Board's investigation into his official judicial activities. By order dated January 25, 1984, per Judge WILLIAMS, we preliminarily enjoined the Board from continuing its investigation and fixed a further hearing for February 2, 1984. Although we received no evidence at that time, we heard extensive and cogent legal argument of counsel, directed in part to the issue of this Court's jurisdiction. By Order dated February 2, 1984, we directed that our prior Order of January 25, 1984, remain in effect until we considered and disposed of the question therein presented.

We are constrained to conclude that this Court in this action lacks original jurisdiction against the Judicial Inquiry and Review Board. Without deciding whether the Board is a part of the "Commonwealth government"[1] for the purpose of this Court's original jurisdiction, we conclude that jurisdiction must reside in the Supreme Court of Pennsylvania.

The Judicial Inquiry and Review Board exists by virtue of Article V, Section 18 of the Constitution of Pennsylvania. It is charged with the duty of receiving complaints and making investigations, dispositions, and recommendations relating to the potential suspension, removal, discipline or compulsory retirement of Justices or Judges. If the Board makes such a recommendation, the Supreme Court of Pennsylvania is the ultimate authority and may either accept or reject it.

Article V, Section 2 of the Pennsylvania Constitution declares the "supreme judicial power of the Commonwealth" is reposed in the Supreme Court of Penn-

---

[1] 42 Pa. C. S. §102.

sylvania. Further, Article V, Section 10(a) of the Pennsylvania Constitution provides in relevant part:

The Supreme Court shall exercise general supervisory and administrative authority over all the courts . . . .

Judge SNYDER, in these proceedings, raises a multitude of legal issues which, in our opinion, fall squarely within the supervisory and administrative authority of the Supreme Court over the other courts in the unified judicial system. He alleges that the Board should be enjoined from proceeding with its investigation while litigation which forms part of the basis of the investigation is pending before him. Judge SNYDER further alleges that, should the Board be permitted to proceed with its investigation *at this time,* not only would the rights of these litigants be violated, but that the investigation would gravely impinge upon the independence of the judiciary. Other issues raised by him include allegations that the Board's procedures are unconstitutional because they commingle investigative, prosecutorial and adjudicative functions and that the Board's procedures otherwise violate the Judge's constitutional rights to due process.

Were we to commence an inquiry into and resolution of these issues we would, in our view, be invading the exclusive province of the Supreme Court of Pennsylvania. It is that Court which possesses the "supreme judicial power of the Commonwealth." By their very nature, the issues raised by Judge SNYDER, in particular, the infringement of the independence of the judiciary to make judicial judgments free of adversarial attack by a non-judicial agency, compel us to defer to the Supreme Court. To do otherwise, this Chancellor recognizes and acknowledges, would, by judicial fiat, substitute this Court as the supreme judicial authority.

It is our considered opinion that the Supreme Court of Pennsylvania, under our constitutional instruction, enjoys exclusive jurisdiction over this matter. Moreover, because there is drawn into issue the Code of Judicial Conduct, we believe the Supreme Court—and only it—is the appropriate tribunal to hear and decide its merit.

As we have previously said:

If the Code of Judicial Conduct were applicable to the plaintiff prior to October 21, 1974, then, because there is drawn into question here the application of the Code of Judicial Conduct, we would be impelled to transfer this case to the Supreme Court of Pennsylvania, since that Court, pursuant to its power and authority under Sections 10(c) and 17(b) of Article V of the Constitution of Pennsylvania, has exclusive jurisdiction to hear and determine the matter either by the Justices thereof or through the Judicial Inquiry and Review Board (Pa. Const. Art. V, §18).

*Reed v. Sloan*, 25 Pa. Commonwealth Ct. 570, 574-75 n. 2, 360 A.2d 767, 770 n. 2 (1976), *aff'd* 475 Pa. 570, 381 A.2d 421 (1977).

We acknowledge that the Supreme Court of Pennsylvania has held that "the Board's decisions are constitutionally its own, and may not be disturbed by this Court, whether the decision be to regard a complaint as unfounded, to conduct a preliminary investigation, to hold a hearing, or, following the hearing, to make no recommendation of action to this Court." *First Amendment Coalition v. Judicial Inquiry and Review Board*, Pa. , , 460 A.2d 722, 724 (1983).

However, at this stage of the proceedings, we should not and shall not consider whether, as a matter of substantive or constitutional law, the Supreme

Court can or will afford relief from the conclusions of the Board.

We have narrowed our attention, at this point, to the single question of the jurisdiction of this Court to entertain this action. We conclude that this Court lacks jurisdiction and that exclusive jurisdiction lies in the Supreme Court of Pennsylvania. To conclude otherwise would be to ignore the constitutional limitation of this Court's jurisdiction and, without warrant, usurp the power and authority of the Supreme Court of Pennsylvania. This Court has no intention of impinging on the authority of this Commonwealth's supreme judicial arbiter.

### ORDER

AND Now, it is hereby ordered as follows:

1. This action is hereby transferred to the Supreme Court of Pennsylvania.

2. The Chief Clerk shall certify to the prothonotary of said Court a photocopy of the docket entries in this matter and shall transmit to him the record thereof.

3. Our prior Order of February 2, 1984, enjoining the Board's investigation of petitioner is dissolved.